(No. 31372.—
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* REX SWINSON *et al.,* Plaintiffs in Error.

*Opinion filed May 18, 1950.*

Rex Swinson, Kenneth Swinson, and Arvel Swinson, *pro sese.*

Ivan A. Elliott, Attorney General, of Springfield, and George W. Kasserman, Jr., State's Attorney, of Newton, (Harry L. Pate, of Tuscola, of counsel,) for the People.

Mr. Justice Crampton delivered the opinion of the court:

The plaintiffs in error, appearing *pro sese,* obtained a writ of error to review a judgment convicting them of larceny in Jasper County. The grand jury, by a single indictment of one count, jointly charged them with the larceny of corn valued at $147. The jury returned a verdict against each, finding him guilty of larceny in the manner and form as charged in the indictment, but did not, in those verdicts, fix the value of the corn stolen. The errors assigned arose only on the common-law record. That record, as filed by them, being faulty, the defendant in error filed a correct and authenticated copy. The plaintiffs in error concede the corrected record disposes of all their assignments of error except the one based on the failure of the jury, in the verdicts, to fix the value of the corn.

Plaintiffs in error contend that when they were charged in the indictment with larceny of corn of the value of $147, it was necessary for the jury to find the value of the

corn taken to be in excess of $15 in order to support the judgment and their subsequent sentence to the penitentiary. The defendant in error argues since there was only one count in the indictment, a verdict of guilty of larceny in manner and form as charged therein, plus the finding of their ages, is all the law requires.

The People rely upon *People* v. *Orlando,* 380 Ill. 107, involving an indictment charging misconduct in connection with a judicial election in violation of section 9 of article 6 of the City Elections Act. The verdict returned found Orlando guilty of advising, procuring and abetting the falsifying of a poll list as charged in the indictment. He contended this verdict to be insufficient because, when a verdict attempts to enumerate the elements of the crime, all of those elements must be enumerated; therefore, the verdict returned should have included that he was not an officer, that he acted willfully, and that he aided and abetted the judge of election. The genesis of objection in the *Orlando case* is found in *People* v. *Lee,* 237 Ill. 272, and *People* v. *Lemen,* 231 Ill. 193. We said in the *Lee case,* that while verdicts are not construed as strictly as pleadings, they should have a reasonable intendment, receive a reasonable construction, and not be set aside unless from necessity which originates in doubt as to their meaning, or because of the immateriality of the issues found, or a failure to find upon some material issue involved.

In the *Lemen case* defendant faced an indictment of six counts—two for assault with intent to commit murder; two for an assault with a deadly weapon and intent to inflict bodily injury, no considerable provocation then and there appearing; and two charging an assault with a deadly weapon with intent to do bodily injury, the circumstances showing an abandoned and malignant heart. The jury returned a verdict finding Lemen "guilty of assault with a deadly weapon with intent to do bodily injury, as charged in the indictment, * * *." This was a literal

following of the language of an erroneous instruction on a verdict form to be used for a finding of guilty on this type of assault. We said a verdict must be responsive to the issues, must contain, either in itself or by reference to the indictment, every material fact constituting the crime. The verdict that was returned did not contain either by direct statement, or by reference, all that was charged in any count of the indictment, or all which would constitute the crime. The difficulty with the wording of the verdicts in the *Lee* and *Lemen cases* was that each verdict limited the finding of guilty to a few facts, these being insufficient to constitute the crime or identify it as the one charged in the indictment. We said those difficulties were not present in the *Orlando case* and the verdict was not hard to construe. By the circuitous route through the *Orlando case* the defendant in error contends the above statements of the two cases are applicable to the instant one because the indictment here presented only one count and the verdict returned was one of guilty in the manner and form as charged in the indictment. By that means, the People argue, the jury determined the value of the stolen corn to be $147, so the commission of a felony, and not of a misdemeanor, was proved.

Within the scope of the word "larceny" are embraced many specific offenses, such as petit larceny, grand larceny, larceny from the person and several others. The basic distinction between them is mainly the punishment to be inflicted, hence requiring different allegations and proofs for the various types of larceny. The distinction between petit and grand larceny is the difference between the punishments where the value of the property taken is smaller or greater than the fixed statutory sum. In such instances the value alleged in the indictment does not govern; it is value proved that determines which of the two types of larceny is established, and what punishment is to follow

as a consequence. A general verdict finding the defendant guilty in the manner and form charged in the indictment does not constitute a finding that the value of the goods stolen is the value alleged in the indictment. The value of the property taken is a material fact necessary to establish the type of larceny charged; that value must be specifically found by the jury and be incorporated in its verdict. (*Tobin* v. *People,* 104 Ill. 565; *People* v. *Jackson,* 312 Ill. 611; *People* v. *Burke,* 313 Ill. 576; *People* v. *Crane,* 356 Ill. 276; *People* v. *Stacey,* 372 Ill. 478.) Neither *People* v. *Lemen,* 231 Ill. 193, *People* v. *Lee,* 237 Ill. 272, nor *People* v. *Orlando,* 380 Ill. 107, involved larceny charges. None of them contained any statement by this court which could be construed as in anywise declaring a specific finding of the proved value of the goods taken need not be incorporated in the verdict in a larceny case, where the punishment to be meted out is dependent upon the value of the goods taken. In this case the jury did not determine that the value of the corn taken was more than $15; it only found them guilty of the larceny of the corn. That constituted the offense of petit larceny, and the court erred in sentencing plaintiffs in error to the penitentiary.

The trial court, on April 20, 1949, sentenced the plaintiffs in error for a minimum term of one year and a maximum term of three years. They have been in prison for a period in excess of the maximum time of imprisonment for petit larceny. Where a sentence is erroneous, and defendant has served more than the maximum term of imprisonment for which he could have been lawfully sentenced to jail, the judgment will be reversed and the cause will not be remanded to correct the sentence. (*People* v. *Brown,* 383 Ill. 287.) The judgment of the circuit court of Jasper County is reversed.

*Judgment reversed.*