(No. 44947.-

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. RUTH DELL, Appellee and Cross Appellant.)

*Opinion filed October 2, 1972.*

394

UNDERWOOD, C. J., dissenting.

WILLIAM J. SCOTT, Attorney General, of Springfield, and JACK HOOGASIAN, State's Attorney, of Waukegan (JULIUS ABLER, Assistant State's Attorney, of counsel), for the People.

JULIUS LUCIUS ECHELES, of Chicago, for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court:

The defendant, Ruth Dell, was convicted of theft and was sentenced to the State Reformatory for Women for a term of from 5 to 10 years. Her conviction was affirmed by the appellate court. (*People v. Dell (1966), 77 Ill.App.2d 318.*) On appeal, the appellate court refused to consider the issue of denial of a jury trial because it was not raised in the defendant's post-trial motions as required by the rule that issues not so raised will not be considered for the first time on review. *People v. Irwin (1965), 32 Ill.2d 441, 443-444.*

The defendant then filed a petition for a writ of *habeas corpus* in the United States District Court for the Northern District of Illinois, but that petition was dismissed because she had not exhausted her State remedies by seeking post-conviction relief. Thereupon the defendant filed a post-conviction petition and this is an appeal by the State from an order entered in the circuit court of Lake County, which vacated the judgment of conviction of the

defendant, Ruth Dell, and granted her a new trial following a post-conviction hearing. The defendant has cross-appealed and contends that the circuit court erred in granting a new trial, and that it should have entered an order finding her guilty of a misdemeanor only. A brief summary of the facts is necessary to an understanding of the issues involved.

The defendant was indicted and tried before a jury for the offense of theft, "in that she knowingly obtained control over 129 pairs of trousers, having a value exceeding One Hundred Fifty ($150.00) Dollars ***." During the trial, one of the owners of the salvage store from which the trousers allegedly had been stolen testified that, from his experience in purchasing over 7,000 pairs of trousers while in business, the value of the stolen trousers was $250. The defendant failed to rebut this testimony.

At the conclusion of the trial, three verdict sheets were presented to the jury in the following form:

"1. We, the jury, find the defendant, RUTH DELL, not guilty."

"2. We, the jury, find the defendant, RUTH DELL, guilty of Theft in manner and form as charged in the Indictment.

And we further find from the evidence the value of the property so stolen to be ——————— dollars.

And we further find from the evidence that the said defendant is now about the age of —— years."

"3. We, the jury, find the defendant, RUTH DELL, guilty of Theft, in manner and form as charged in the Indictment.

And we further find from the evidence that the said defendant is now about the age of —— years."

The jury found the defendant guilty and returned verdict form No. 2. The value of the trousers appeared on the verdict as $250, and the defendant's age as 38. No instructions were submitted to or given by the court indicating that the jury might find the value of the trousers to be less than $150. Two instructions were given which stated that it was incumbent on the State to prove every

material allegation of the indictment, and the indictment did allege that the trousers had a value in excess of $150.

The defendant's verified post-conviction petition alleged that the value of the merchandise in question was in dispute, and that the trial judge had submitted to the jury the forms of verdict with the value of the goods inserted, as well as the defendant's age. The defendant's trial counsel (not her attorney on appeal) testified that the defendant did not take the witness stand at her trial, and that there were neither stipulations nor evidence as to her age. Further, a stipulation was entered into between the State's Attorney and counsel for the defendant that if certain of the jurors were called to testify, they would say that when they received the verdict forms, the figures "$250.00" and "38" had been written on them.

When questioned by the court, the defendant's trial counsel stated that when the verdict forms were submitted to him the spaces for figures on them were blank, and that he did not agree to submit the verdict forms with the value and age filled in. He recalled that the question of value troubled the trial court considerably.

The Criminal Code provided that theft of property not from the person and not exceeding $150 in value was punishable by a fine not to exceed $500 or imprisonment in a penal institution other than the penitentiary not to exceed one year, or both. However, if the value of the property exceeded $150, the prescribed penalty was imprisonment in the penitentiary from 1 to 10 years. Ill.Rev.Stat. 1963, ch. 38, par. 16—1.

At the conclusion of the post-conviction hearing, the trial court entered an order vacating the defendant's conviction and granted her a new trial.

On its appeal, the State contends that in the absence of a request the trial court was not required to give an instruction on an offense other than that charged in the indictment, and that in the absence of such request, the right to have such instruction given was waived. The State further urges that since the indictment charged that the

defendant committed the offense of theft of 129 pairs of trousers having a value in excess of One Hundred Fifty ($150) Dollars, and verdict form No. 1 gave the jury the opportunity to find the defendant not guilty and form No. 3 afforded it an occasion to find her guilty of theft as charged in the indictment, the fact that the jury found her guilty on verdict form No. 2 eliminated the possibility of finding her not guilty or guilty of a lesser offense, and any ambiguity in the jury verdict was removed.

The defendant, on appeal, contends that her right to trial by jury was violated in that the jury was not permitted to determine the value of the trousers, a material fact which the State had to prove. She here asserts, and the State concedes, that the value of the stolen merchandise, as well as the defendant's age, had already been inserted on the verdict forms when they were delivered to the jury at the conclusion of the trial, and that no member of the jury was responsible for so doing. She urges that such circumstances infringed upon her constitutional right to a trial by jury. This constitutional issue was properly considered by the circuit court in the defendant's petition for post-conviction relief. The appellate court opinion did not reach this issue but rather held that the unrefuted testimony of one witness adequately proved that the market value of the trousers at the time was $250.

The defendant urges that if she must undergo a second trial, she will be placed in double jeopardy because the appellate court had affirmed her conviction on all issues other than the jury trial issue, and such affirmation would preclude retrying these issues. Therefore, she urges that she should have been convicted of a misdemeanor and that this case should be remanded for resentencing only.

While the courts have certain powers in construing jury verdicts, their authority and control over verdicts is not without limit. In *People v. Patrick (1917), 277 Ill. 210,* at 217, the court stated: "Verdicts should have a reasonable intendment and receive a reasonable construc-

tion, and should not be set aside unless from necessity originating in doubt as to their meaning or from an immateriality of the issue found *or a failure to find upon some material issue involved."* (Emphasis ours.) Also see: *People v. Orlando (1942), 380 Ill. 107, 113-114.*

It is evident from the record before us that the verdict could not be reformed in that the jury did not independently determine the value of the stolen property, and it is well settled that its value was a material element of the offense of theft which must be proved by the State.

In *People v. Swinson (1950), 406 Ill. 233,* where the jury returned a verdict of guilty as to both defendants but failed to fix the value of the corn allegedly stolen by them, at page 237, this court stated:

"*** A general verdict finding the defendant guilty in the manner and form charged in the indictment does not constitute a finding that the value of the goods stolen is the value alleged in the indictment. The value of the property taken is a material fact necessary to establish the type of larceny charged; that value must be specifically found by the jury and be incorporated in its verdict. [Citations.] ***

"The trial court, on April 20, 1949, sentenced the plaintiffs in error for a minimum term of one year and a maximum term of three years. They have been in prison for a period in excess of the maximum time of imprisonment for petit larceny. Where a sentence is erroneous, and defendant has served more than the maximum term of imprisonment for which he could have been lawfully sentenced to jail, the judgment will be reversed and the cause will not be remanded to correct the sentence."

In the post-conviction petition which was filed herein on September 30, 1971, it was alleged that the defendant had served upwards of one year of her penitentiary sentence. At oral argument on this appeal, her attorney stated that she had then served over one year of her sentence. Under the circumstances, we do not reach some of the constitutional issues here presented. It appears that

the sentence imposed on the defendant was erroneous, and that she has served either substantially all or more than the maximum term of imprisonment for which she could have lawfully been sentenced as a misdemeanant. Consequently, the judgment will be reversed, the defendant discharged and the cause will not be remanded to correct the sentence.

*Judgment reversed on cross appeal.*

MR. CHIEF JUSTICE UNDERWOOD, dissenting:

I do not agree that defendant was entitled to a new trial as ordered by the circuit court, or to the reversal of her conviction and discharge as ordered by this court.

Defendant was charged with the theft of property having a value exceeding $150. The uncontradicted testimony was that the value of the stolen trousers was $250. The latter amount had been inserted in the form of verdict before that form was handed to the jurors. Its insertion, my colleagues say, denied defendant her constitutional right to a jury trial.

Our more recent decisions, in my opinion, require a contrary result, wholly apart from the question of waiver upon which the appellate court relied in the direct appeal. In *People v. Harden (1969), 42 Ill.2d 301,* the defendant urged that a verdict stating, "We, the Jury, find the defendant, Palastine [*sic*] Harden, guilty." was an insufficient finding of value over $150 necessary to support a penitentiary sentence. The trial court had there instructed the jury as to the elements of proof, including value, necessary to a guilty verdict, and this court held the verdict sufficient despite the total absence of a finding that value of the property stolen was more than $150. In *People v. Tassone (1968), 41 Ill.2d 7,* a felony conviction in a bench trial for theft of a truck was upheld even though no proof of value of the truck was offered. This court there held judicial notice would be taken of the fact that the value of the tractor and trailer was more than $150. And in *People v. Rogers (1959), 16 Ill.2d 175,* this court affirmed a conviction for grand larceny, despite the

trial court's refusal of an instruction on petit larceny, holding there was no error in refusing the instruction because there was no conflict in the evidence as to value.

In my judgment the unmistakable tenor of these more recent cases requires affirmance here. While the practice of inserting the amounts in forms of verdicts prior to submitting them to the jury is not to be recommended, the fact that it was done here, where the testimony as to the value is undisputed, could not, as I view it, have prejudiced defendant.

I would reverse the trial court judgment and deny the petition.