THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PAUL ALEX-
ANDER CLEMENT, Defendant-Appellant.

(No. 74-185;

Third District—May 9, 1975.

Richard H. Devine, of Chicago, for appellant.

Frank Yackley, State's Attorney, of Ottawa, for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

After trial by jury defendant, Paul Alexander Clement, was found guilty of theft, and after judgment of conviction was entered by the circuit court of LaSalle County defendant was sentenced to a term of from 2 to 6 years to the Illinois Department of Correction.

The only assignment of error raised on this appeal is that the trial court was without jurisdiction to sentence him to the penitentiary, a felony sentence, because a jury failed to determine the value of the property stolen. In support of his claim of error defendant's argument

is based primarily on the language of the indictment and the jury's verdict form.

The indictment provides: "On August 3, 1973, Paul Alexander Clement committed the offense of theft (felony) in that he did knowingly exert unauthorized control over property of Andrew Birkland, this property being a boat with outboard motor and trailer, this property having a total value of more than one hundred and fifty ($150.00) Dollars, Paul Alexander Clement, intending to deprive Andrew Birkland permanently of the use and benefit of this property, in violation of Chapter 38, Section 16—1(a), Illinois Revised Statutes, 1971." The verdict form returned by the jury provides: "We, the Jury, find the defendant, Paul Alexander Clement, guilty of felony theft". Except for a not guilty verdict form no other form of verdict was submitted to the jury.

■■ The statute, section 16—1(a) of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 16—1(a)), provides in substance that the theft of property of a value of more than $150 is a felony and property valued at any lesser amount is a misdemeanor. Proof of value has always been of significance in theft cases where the punishment to be imposed depended on the value of the property taken. Testimony regarding actual value was not required, and where it could be said that the property had some value this was sufficient to support a conviction where the charge was a misdemeanor. *People v. Sparks,* 9 Ill.App.3d 470, 292 N.E. 2d 447.

It *is* undisputed the jury was neither asked to nor in its verdict found the property had any particular value. Under these circumstances defendant has directed our attention to two cases, namely, *People v. Swinson,* 406 Ill. 233, 92 N.E.2d 758, and *People v. Dell,* 52 Ill.2d 393, 288 N.E.2d 459. In support of its contention that a finding of value is no longer specifically required the People rely on *People v. Harden,* 42 Ill.2d 301, 247 N.E.2d 404, and *People v. Eastland,* 11 Ill.App.3d 271, 296 N.E.2d 363.

There can be little doubt but that *People v. Swinson,* 406 Ill. 233, 92 N.E.2d 758, holds the trial court was without authority to consider a theft conviction a felony where the jury failed to include a finding or determination of the value of the property taken. If the *Swinson* case was the only precedent dealing with this problem, its holding would be strong support for the position of the defendant in the instant case.

In *People v. Harden,* 42 Ill.2d 301, 306, 247 N.E.2d 404, the court observed "* * * numerous opinions of this court have held that when the place of punishment, and its duration, depend upon the value of the property stolen, that value is a material element of the offense which must be specifically found by the jury and incorporated in its verdict. (*People v. Swinson,* 406 Ill. 233; * * *.)" The court then proceeded

to approve the conviction by relying on the issues instruction which required in addition of proof the other elements of the offense proof that the property taken had a value of more than $150. By emphasizing the issue aspect of a value determination the court in *Harden* did in our opinion modify the *Swinson* rule so that the final conclusion is that the defendant can be found guilty only of the lesser included offense, *i.e.*, the misdemeanor, if the issue was raised and appropriate instructions submitted to the jury. At least in order to avoid the conclusion required by the *Harden* case the defendant would be required to allege on appeal that no similar issues instruction was submitted to the jury. In *People v. Eastland,* 11 Ill.App.3d 271, 296 N.E.2d 363, the court gave the *Harden* case its logical extension by indicating that if a defendant was intending to claim that only a misdemeanor was involved it was his duty to submit a proper verdict form consistent with such theory, and the nonexercise of such duty constituted a waiver.

The last case which we shall consider, *People v. Dell,* 52 Ill.2d 393, 288 N.E.2d 459, apparently relying more on *Swinson* than *Harden,* concluded that the jury by way of the value instruction which had been submitted to it had been foreclosed from making the required determination and hence was precluded from making an independent judgment concerning the value of the property taken. Although the dissent relying on *Harden* believes the conviction should have been affirmed, it is our conclusion that the *Dell* and *Harden* cases are harmonious if it be recognized that the verdict form complained of was one which would have permitted the jury to find the value was less than that charged in the indictment. The verdict form was in fact one of three verdict forms submitted to the jury, and while the verdict form as initially tendered and approved by the court included a blank for the insertion of the value by the jury, it appears that before the form was actually given to the jury the sum of "$250" was inserted in the blank. The other two verdict forms merely found defendant guilty or not guilty respectively without any reference to value of property taken. The verdict form with the blank for ascertainment of value would have of course committed the jury to find the property to be less than that alleged in the indictment, and consistent with this view the court concluded that the value inserted had not been esablished as a matter of law. We believe the opinion in *Dell* is consistent with the trend of decisions represented by the *Harden* and *Eastland* cases which in effect require the defendant to take some action in the trial court to support any claim which he might have that the value of the property taken makes the offense a misdemeanor.

■■ In the instant case no claim is made of any failure or errors in the instructions, and accordingly it can be inferred that the value of the

property was described as an element of the offense in the issues instruction. No claim was made in the trial court either by requesting appropriate instructions or tendering appropriate verdict forms that the value of the property taken could only properly support a misdemeanor charge. Under these circumstances we are satisfied that the indictment and verdict are sufficient to support the trial court's imposition of a felony sentence.

For the foregoing reasons the judgment of the circuit court of La Salle County is affirmed.

Judgment affirmed.

ALLOY and STENGEL, JJ., concur.