THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KELLY PUGH, Defendant-Appellant.

(No. 74-191;

Third District—June 5, 1975.

James Geis and Richard Steck, both of State Appellate Defender's Office, of Ottawa, for appellant.

Robert Downs, State's Attorney, of Lewistown (James Sanders, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

Defendant, Kelly Pugh, age 20, with two teen-aged companions, all riding in the front seat of an auto through the city of Canton during the dark, early morning hours of November 9, 1973, were stopped by a policeman for their failure to have taillights burning. During the arrest, the officer observed a rifle protruding from under the dislodged rear seat in the passenger compartment of the car, and on further examination found the carcass of a shot calf in the trunk. That discovery led to defendant's subsequent indictment for unlawful use of a weapon and on four counts of theft. The theft charges, all pertaining to the calf, included a Class A misdemeanor count involving value under $150 and also three felony counts.

At the trial following pleas of not guilty, the State's undisputed testimony of the owner indicated the value of the calf at $240. Thereafter, but outside the presence of the jury, the court struck all theft counts but one, which charged a Class 3 felony involving value in excess of $150, in violation of section 16—1 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 16—1). At the close of all the evidence, the cause was submitted to the jury without any instruction that the only theft count remaining for consideration was for felony theft. The issues instruction advised only that defendant was charged with "theft," and in setting out the elements of that theft charge upon which the State had the burden of proof, omitted any reference to the proposition that the value of the calf must be found to have exceeded $150. Defendant was found guilty of theft on a verdict form which made no reference to any specific count of the indictment and recited only as follows: "We, the jury, find the defendant, Guilty of Theft." He was also found guilty on a Class A misdemeanor charge of carrying a loaded weapon in a car unlawfully in violation of section 24(a)(10) of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, sec. 24—1(a)(10)). On May 8, 1974, defendant was sentenced to consecutive terms of imprison-

ment: of 1 year for unlawful use of a weapon and of not less than 3 years nor more than 10 years for felony theft.

The first issue is whether the verdict in the foregoing proceeding supports the conviction for felony theft. We are persuaded that it does not, and that as defendant contends, it supports only a misdemeanor conviction for theft and requires a corresponding reduction of the sentence pursuant to section 5—8—3 of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—3) for a term not exceeding 1 year.

In *People v. Swinson*, 406 Ill. 233, 92 N.E.2d 758 (1950), the jury returned general verdicts of guilty as to both defendants "in the manner and form charged by the indictment" which alleged "larceny of corn valued at $147," an amount which then constituted a felony. Without any discussion as to the testimony offered to establish value, or to indicate whether a dispute on that issue existed, the court in that case stated:

> "In such instances the value alleged in the indictment does not govern; *it is value proved* [*i.e.*, in the judgment of the jury] that determines which of two types of larceny is established, and what punishment is to follow as a consequence. A general verdict finding the defendant guilty in the manner and form charged in the indictment does not constitute a finding that the value of the goods stolen is the value alleged in the indictment. The value of the property taken is a material fact necessary to establish the type of larceny charged; *that value must be specifically found by the jury* and be incorporated in its verdict.  *  *  * In this case the jury did not determine that the value of the corn taken was more than $15; it only found them guilty of the larceny of the corn. That constituted the offense of petit larceny, and the court erred in sentencing plaintiffs in error to the penitentiary [for a felony]." (Emphasis added.) 406 Ill. 233, 236-37.

Later in *People v. Harden*, 42 Ill.2d 301, 247 N.E.2d 404 (1969), it was again said in respect to the crime of felony theft that value is a material element of the offense which must be specifically found by the jury. That principle was reaffirmed in *People v. Dell*, 52 Ill.2d 393, 288 N.E.2d 459 (1972) where, although the facts were considerably different than here, a conviction for felony theft was reduced to misdemeanor theft in the absence of a record showing that the jury had made a finding on the material issue of value. In *Harden, supra,* it was held, however, that if the issues instruction sets out all the elements of the felony charge, including the matter of value, and properly directs the jury that in order to return a verdict of guilty they must find affirmatively on the proposition that the State has met its burden of proof on each of these essential ele-

ments, including that the property taken had a value in excess of $150, then a general verdict reciting only that "We, the jury, find defendant guilty" is acceptable to sustain a conviction for felony theft. The case of *People v. DeBartolo*, 24 Ill.App.3d 1000, 322 N.E.2d 251 (2d Dist. 1975), and the recent decision of this court in *People v. Clement*, 28 Ill.App.3d 136, 327 N.E.2d 601 (3d Dist. 1975), are to the same effect. The issues instruction in those cases, considered with the verdict forms, precluded any ambiguity that the juries might have found defendants guilty of only a lesser theft offense and precluded any valid concern that defendants' constitutional rights to have the juries determine the probative value of *all evidence* on every essential element of the charges were in any manner abridged. Moreover, in *Clement*, where we affirmed a conviction for felony theft, defendant, at the time it was submitted to the jury, had made no objection to the verdict form which contemplated a finding of guilt as to "felony theft," and had not submitted an alternative form permitting a finding as to a lesser offense.

■■ In the case at bar, the verdict form submitted did not specify that it was for a finding as to felony theft; therefore, defendant did not waive the objection to being sentenced for a felony by any failure to object to the verdict form or to offer one of his own. The issues instruction did not set out every essential element of a felony theft charge but eliminated all reference to the essential element of value, and did not properly instruct that the State had any burden of proof on that issue that the value of the property taken exceeded $150. Considered with that instruction, the general verdict form finding defendant "Guilty of Theft" without any specific reference even to a felony count of the indictment, could not, in the context of a record where a misdemeanor theft count had been stricken without out the jury's knowledge, preclude ambiguity as to the meaning of the verdict. The record demonstrates instead that the jury was presented no occasion for making a finding on the probative worth of the State's value evidence. The verdict, therefore, will support only a conviction for misdemeanor theft.

The case of *People v. Tomaszek*, 54 Ill.App.2d 254, 204 N.E.2d 30 (4th Dist. 1964), is cited by the State for the proposition that no finding of value by the jury is required in a felony theft case where, as in the case at bar, the State's evidence as to value is undisputed. We think the State misconstrues the holding *Tomaszek*. We understand the *Tomaszek* case to mean only that where the jury is properly instructed with respect to the elements of an indictment charging "theft of property of the value of more than one hundred fifty dollars," then as in *Harden*, a general verdict which finds defendant guilty "in the manner and form charged in the

indictment" is sufficient to eliminate ambiguity as to the meaning of the verdict, and no further finding of value in the verdict is required.[1] In *People v. Eastland*, 11 Ill.App.3d 271, 296 N.E.2d 363 (4th Dist. 1973), also cited by the State, the jury was properly instructed as to the issue of value, and therefore a general verdict of guilty was sustained under the *Harden* precedent. It is not apparent from the opinion in *People v. Wilson*, 84 Ill.App.2d 269, 228 N.E.2d 131 (1st Dist. 1967), that the decision there is any different.

The weapons conviction pertains to a violation of section 24—1(a)(10) of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 24—1(a)(10)) which provides that a person "commits the offense of unlawful use of weapons when he knowingly; * * * Carries * * * in a vehicle * * * any loaded * * * firearm." Section 24—2(b)(4) of the same statute recites that foregoing section 24—(a)(10) does not apply to the "[t]ransportation of weapons * * * not immediately accessible."

■■ In *People v. Bastien*, 19 Ill.App.3d 773, 312 N.E.2d 795 (1st Dist. 1974), it was held that the nonaccessibility of the weapon within the meaning of section 24—2(b)(4) is a defense to an unlawful weapons charge under section 24—1(a)(10). Although the defense was not pleaded in *Bastien*, the court in that case reversed a conviction upon the grounds that the State's evidence established that the weapon involved was locked in the trunk of the defendant's automobile and, therefore, as a matter of law, was shown not immediately accessible. In the case at bar, the State's evidence showed that defendant and his companions at the time of arrest were seated in the front seat of the auto with defendant seated at the extreme right and therefore more readily accessible to the weapon which was also in the passenger compartment and visible though partly covered by the dislodged rear seat. Although the defense of inaccessibility was not pleaded, defendant argues as in *Bastien* that the State's foregoing evidence established the defense of inaccessibility as a matter

---

[1] Tomaszek has been cited for the proposition that where the undisputed evidence established value well in excess of \$150, *no finding* by the jury as to value is necessary at all. *People v. Piehl*, 6 Ill.App.3d 296, 285 N.E.2d 612, 617 (1st Dist. 1972). *Cf.* also *People v. Webb*, 116 Ill.App.2d 370, 253 N.E.2d 682 (1st Dist. 1969). In *People v. Kadlec*, 21 Ill.App.3d 289, 313 N.E.2d 522 (3d Dist. 1974) it was held in this district, however, that the right of trial by jury on all issues cannot be abridged in a criminal case merely because evidence is indisputed. It was held that where the State seeks the maximum penalty permitted by Statute by alleging in the indictment the delivery of 200 grams or more of a controlled substance, it becomes incumbent not only to prove delivery of 200 grams or more but the issue (unless waived) *must be submitted to the jury*, and it is normally reversible error, for the trial court in a jury case *to assume* from the evidence that any fact necessary to establish the guilt of the accused has been proved, and to relieve the jury from its consideration of the evidence on such issue, unless the issue is expressly or tacitly admitted by defendant.

of law. We disagree. While the jury might have decided the question favorably to defendant had the matter been raised, inaccessibility is not established as a matter of law by such evidence.

■■ The final argument by defendant asserts that the circuit court abused its discretion in imposing consecutive sentences on the weapons and theft convictions. At section 5—8—4(c) of the Unified Code of Correction (Ill. Rev. Stat. ch. 38, par. 1005—8—4(c)) it is provided that:

> "When sentenced only for misdemeanors, a defendant shall not be consecutively sentenced to more than the maximum for one Class A misdemeanor."

At section 5—8—3(a) of the same statute, the maximum sentence for a Class A misdemeanor is any term less than 1 year. While the circuit court in imposing sentences for multiple offenses has a limited discretion under section 5—8—4(b) to make them consecutive as opposed to concurrent, we are persuaded that the imposition of consecutive sentences in this case derived in substantial part from the court's misapprehension as to the effect of the theft verdict and its erroneous belief that it supported a felony conviction and sentence. Accordingly, we find that the imposition of consecutive sentences was inappropriate.

Under provisions of Supreme Court Rule 615(b)(3) and 615(b)(4) (Ill. Rev. Stat., ch. 110A, pars. 615(b)(3), 615(b)(4)) this court where appropriate on review may reduce the degree of the offense of which an appellant was convicted, and may reduce the punishment imposed. Accordingly we hereby order defendant's conviction for theft reduced from a conviction for Class 3 felony theft to a conviction for a Class A misdemeanor theft (Ill. Rev. Stat., ch. 38, par. 16—1(e)(1)) and modify and reduce the sentence imposed on defendant's conviction of theft to a sentence of not more than 1 year pursuant to section 5—8—3 of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, 1005—8—3 (1973)) to run concurrently with the sentence of one year imposed by the circuit court upon defendant for unlawful use of a weapon, which latter conviction and sentence is hereby affirmed, as modified.

Affirmed in part; modified in part; reversed in part.

ALLOY and STENGEL, JJ., concur.