THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOSEPH DUNLAP, Defendant-Appellant.

(No. 74-445; )

Fifth District—June 30, 1975.

William F. Kinder, of Kinder, Scroggins & Kinder, of Granite City, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (Bruce D. Irish and Robert J. Anderson, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE KARNS delivered the opinion of the court:

Defendant-appellant, Joseph Dunlap, was convicted after a jury trial in Madison County of operating a motor vehicle on the highways of the State of Illinois with a gross weight transmitted to the surface of the road through the rear tandem axles in excess of 32,000 pounds. (Ill. Rev. Stat. 1973, ch. 95½, par. 15—111.) The court determined the excess weight to be 15,760 pounds and, pursuant to the graduated schedule of penalties for the offense (Ill. Rev. Stat. 1973, ch. 95½, par. 15—113), fined defendant $1,576 plus costs. The sole issue on appeal is whether the court erred in imposing a fine when the jury verdict did not specify the amount of overweight.

■■ The People contend that since defendant did not tender an in-

struction or verdict form requiring the jury to determine the amount of overweight, he has waived the question on appeal. The general rule is that one cannot complain of a trial court's failure to instruct the jury on a point of law where he has tendered no instruction. (*People v. Springs*, 51 Ill.2d 418, 283 N.E.2d 225 (1972).) While defendant may have waived any error in the verdict by failing to tender a verdict form or object to the form tendered by the State, we will consider the issue raised by defendant because of its novelty.

■■ The proscription against overweight on tandem axles is contained in section 15—111 of the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, par. 15—111). That section, however, contains no provision for penalties. Section 15—113 of the Code (Ill. Rev. Stat. 1973, ch. 95½, par. 15—113) contains a graduated schedule of fines for violation of section 15—111. The fines are based on a per pound basis varying with the amount overweight. No penalty is provided for overweight of 1,000 pounds or less. The jury verdict rendered against defendant in this case stated:

> "We, the Jury, find the defendant, Joseph Dunlap, guilty of the offense of operating a vehicle on the highways of this state with the gross weight transmitted to the road surface through a pair of tandem axles in excess of 32,000 pounds."

Thus, the jury in the verdict did not find the specific amount of the overweight. This was consistent with the instruction defining the offense. A verdict form reading "We, the Jury, find the defendant, Joseph Dunlap, Guilty of Overweight on Axle" was tendered by the State but rejected. No instructions were tendered by the defendant.

Defendant challenges only the imposition of the penalty, not the conviction itself. It is his theory that in the absence of a specific finding of the amount of overweight by the jury, a presumption exists that the amount did not exceed 1,000 pounds and thus no fine may be imposed. Thus, the question is squarely before us whether the amount of overweight is a question for the jury or for the court. Both parties agree that no dispute exists as to the amount of overweight.

A search of Illinois cases finds that the question before the court has never been litigated. Defendant attempts to draw an analogy to theft cases where the jury fails to find the value of the items stolen. Because of the felony-misdemeanor distinction which arises at the figure of $150, courts have held that the finding of value is a necessary element in the verdict. (*People v. Swinson*, 406 Ill. 233, 92 N.E.2d 758 (1950); *People v. Dell*, 52 Ill.2d 393, 288 N.E.2d 459 (1972).) Other cases have held the contrary. *People v. Piehl*, 6 Ill.App.3d 296, 285 N.E.2d 612 (1972);

*People v. Wilson*, 84 Ill.App.2d 269, 228 N.E.2d 131 (1967); *People v. Tomaszek*, 54 Ill.App.2d 254, 204 N.E.2d 30 (1964).

The State argues that the instant case is similar to *People v. Spear*, 24 Ill.App.3d 818, 321 N.E.2d 705 (1974). That case involved the weight of cannabis in a prosecution under the Cannabis Control Act (Ill. Rev. Stat., ch. 56½, par. 701 *et seq.*). The jury had not specified in the verdict the amount of cannabis involved even though the severity of the sentence depended upon the amount. The court held that the amount, far in excess of the proscribed quantity for the sentence imposed, was not put in issue by the defendant.

Were we to draw an analogy to the instant case, we would be persuaded to adopt the *Spear* rationale where the weight is not disputed. However, we believe that the bifurcated statute involved here requires the court to find independently the amount of overweight after the jury determines that the weight was in excess of 32,000 pounds. In the instant case, there was no dispute about the overweight, 15,760 pounds, and both parties agree as to the evidence. We therefore find no error in the imposition of the fine and affirm the judgment of the Circuit Court of Madison County.

Affirmed.

JONES, P. J., and G. MORAN, J., concur.