THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
LARRY EUGENE MILES, Defendant-Appellant.

Third District   No. 76-264

Opinion filed February 18, 1977.

Robert Agostinelli and G. Joseph Weller, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Keefe, State's Attorney, of Rock Island (James E. Hinterlong and Michael Weinstein, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Defendant Larry Eugene Miles appeals from a judgment of the Circuit Court of Rock Island County finding him guilty of felony theft, pursuant to which he was sentenced to a term of 3 to 9 years imprisonment (to be served concurrently with a sentence simultaneously imposed following revocation of an earlier probation). The cause was tried before a jury. The sole assignment of error on this appeal is that the trial court

erroneously refused to instruct the jury on the offense of misdemeanor theft.

Defendant was charged by information with the theft of hams, having a total value of more than $150, from a Jewel Food Store in East Moline, Illinois. The State's evidence at the trial established that on September 27, 1975, the defendant was observed, by store employees in the store, proceeding toward the front door with a cart load of hams. The store employees pursued defendant into the parking lot, and requested him to produce a receipt. The defendant then pushed the cart away and ran in another direction, until he was stopped by a policeman in a squad car. On appeal in this court, defendant does not challenge the sufficiency of the evidence to support his conviction, but rather submits that the evidence of value presented at the trial, was not so compelling as to preclude a misdemeanor theft verdict, had the jury been instructed as to misdemeanor theft.

The hams which defendant was convicted of stealing were not introduced into evidence. Photographs of the cart containing the hams, taken by an investigating police officer, were introduced at the trial instead of the perishable products. In addition, two store employees totaled the price of the goods in the cart before returning the goods to stock in the store. One employee read the ticket prices to a second store employee, who entered the price on an adding machine and also checked the price on the ticket. The adding machine tape, which was introduced into evidence, contained 20 entries. The testimony established that the 20 entries corresponded to one bag of apples (for the theft of which defendant was not charged) and 19 hams which were in the cart. The total retail price of the 19 hams was $215.65. During cross-examination of one of the store employees, the defense established that the store markup on goods such as the stolen hams was approximately 25%.

At the jury instruction conference, the State tendered the following instruction, patterned after Illinois Pattern Jury Instruction—Criminal No. 2.01:

> "The defendant is charged with the crime of Felony Theft over $150, which includes the crime of Theft, where the value is $150 or less. The defendant has pleaded not guilty."

Defense counsel objected to the reference to misdemeanor theft, on the ground that it was confusing and improperly included. The trial court sustained the objection on the ground that the proof at trial contained no evidence of misdemeanor theft, and the instruction, with the reference to misdemeanor theft deleted, was given to the jury. Subsequently, the defense objected to the State's tendered verdict forms on misdemeanor theft, and the State withdrew the tendered forms.

At a continuation of the instruction conference, defense counsel offered an instruction, patterned after IPI—Criminal No. 2.01, as follows:

"The defendant is charged with the crime of Felony Theft which includes the lesser included offense of Misdemeanor Theft. The defendant has pleaded not guilty."

At that time, the following discussion took place:

"BY THE COURT: Alright, do you have any objections to defendant's [tendered instruction] * * *?

MR. DOERR [for the State]: Your Honor, it sets out a lesser included offense, but I don't think it's—but I think it's up to the Court to determine whether there's been evidence of a lesser included offense of misdemeanor theft in this case under the evidence.

BY THE COURT: I'm going to refuse it. There hasn't been any evidence whatsoever of misdemeanor theft in this case.

MR. WALKER [for the defense]: Your Honor, isn't that a jury question?

BY THE COURT: No, it's a jury question if there's been any evidence presented and there hasn't.

MR. WALKER: There's a question of discount value—the 25% figure.

BY THE COURT: If you want to argue that point, but you never raised it. * * * It's the retail value.

MR. DOERR: That's correct.

MR. WALKER: If the Jury would find these items were selling for less than $150 or that there was a mistake, then they would be entitled to find less than $150. They might find, yes, Mr. Miles took the property, but the property wasn't shown to be over $150. They certainly can find that. In fact, I discussed this matter with Mr. Doerr last night and he said he had no objection to this particular instruction. * * *

* * *

BY THE COURT: Do I understand that there was no objection to that instruction?

MR. DOERR: I told Doug last night that I probably wouldn't object to it, but * * * [a]fter looking at the cases dealing with lesser included and lesser degrees of offense and lesser included offenses, I'm of the opinion that if there's no evidence of a lesser included offense or lesser degree of the offense, it doesn't have to be given.

BY THE COURT: I think that's correct. Defendant's instruction * * * is refused."

Thereafter, the jury was instructed solely on the offense of felony theft. The jury returned a verdict finding the defendant guilty of theft of property having value in excess of $150. The trial court entered judgment on that verdict and the sentence of defendant was thereafter imposed.

■■■ As we had noted previously, the defendant here argues only that the State's evidence of value was not so compelling as to preclude a misdemeanor theft conviction, had the jury been so instructed, and that by refusing the misdemeanor theft instructions tendered by the defendant, the trial court took away the jury's prerogative to view the evidence. It is clear that the value of the property stolen is a material element of the offense of felony theft. As we held in *People v. Clement* (3d Dist. 1975), 28 Ill. App. 3d 136, 137, 327 N.E.2d 601:

> "The statute, section 16—1(a) of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 16—1(a)), provides in substance that the theft of property of a value of more than $150 is a felony and property valued at any lesser amount is a misdemeanor. Proof of value has always been of significance in theft cases where the punishment to be imposed depended on the value of the property taken."

We also held in *People v. Brown* (3d Dist. 1976), 36 Ill. App. 3d 416, 420-21, 343 N.E.2d 700:

> "To sustain a felony conviction for theft, rather than a misdemeanor, the value of the stolen property must be proven to be in excess of $150. [Citations.] The criterion used in determining value in theft cases is the fair cash market value at the time and place of the theft. [Citations.] Cost is not the standard, whether it be original cost or replacement cost. *People v. Stewart*, 20 Ill. 2d 387, 169 N.E.2d 796; *People v. Rose*, 19 Ill. 2d 292, 166 N.E.2d 566; *People v. Hayes*, 133 Ill. App. 2d 885, 272 N.E.2d 423."

In the instant case, the uncontradicted testimony placed the value of the hams at $215.65. While there was evidence that the store marked up the goods 25%, that fact is not controlling. Since the hams were stolen from a retail market, their retail value, not their cost, is the relevant value for consideration.

■■ We also held in *People v. Williams* (3d Dist. 1974), 24 Ill. App. 3d 666, 669, 321 N.E.2d 74, that:

> "With respect to the issue relating to the instruction on the lesser included offense, if there is any evidence which tends to prove the lesser rather than the greater offense, defendant is normally entitled to such an instruction. (*People v. Papas*, 381 Ill. 90, 44 N.E.2d 896.)"

We also concluded in *People v. Clement* at 28 Ill. App. 3d 136, 137:

> "There can be little doubt but that *People v. Swinson*, 406 Ill.

233, 92 N.E.2d 758, holds the trial court was without authority to consider a theft conviction a felony where the jury failed to include a finding or determination of the value of the property taken. * * *"

In that case we discussed *People v. Harden*, 42 Ill. 2d 301, 306, 247 N.E.2d 404, where the court noted that in addition to proof of other elements of the offense, proof that the property taken had a value of more than $150 was essential to establish a felony conviction. We stated in that case that the defendant was required to take some action in the trial court in support of any claim that that he might have that the value of property taken makes the offense a misdemeanor.

■■ It is, therefore, clear that a defendant charged with felony theft, in order to be entitled to instructions on misdemeanor theft, must first establish that the evidence before the trial court contains some evidence which tends to prove misdemeanor theft rather than felony theft. Otherwise the misdemeanor theft instruction is not required to be given to the jury. Defendant in the instant case points to no evidence in the trial court which tended to prove that the value of the stolen hams was less than $150, rather than above $150. As a matter of fact, in the cause before us the value of the hams, if determined on a cost basis actually exceeded $150 and would total the sum of $161.73 if the so-called 25% markup were deducted. In view of the record in this case, therefore, we believe that the trial court did not commit reversible error in refusing to instruct the jury on misdemeanor theft, on the basis that proof at the trial contained no evidence tending to prove the lesser rather than the greater offense. For the reasons stated the judgment of the Circuit Court of Rock Island County is affirmed.

Affirmed.

STOUDER and SCOTT, JJ., concur.