THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DANNY WAYNE STARK, Defendant-Appellant.

Fifth District    No. 76-274

Opinion filed March 1, 1978.—Supplemental opinion filed on denial of rehearing
April 21, 1978.

Michael J. Rosborough and Phillip A. Kramer, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Clyde L. Kuehn, State's Attorney, of Belleville (Bruce D. Irish and John A. Clark, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE KARNS delivered the opinion of the court:

Defendant, Danny Wayne Stark, was convicted of the offense of theft of property valued over $150 by the Circuit Court of St. Clair County, following a jury trial, and was sentenced to a term of two to six years imprisonment. On appeal, the defendant contends that the lower court erred in denying his motion to suppress certain evidence seized pursuant to a search warrant and that the jury verdict supports only a conviction for misdemeanor theft because the jury instructions given did not allow the jury to independently determine the value of the property taken.

On February 5, 1975, Investigator William Hopkins of the St. Clair County Sheriff's Department subscribed and swore to a complaint for a search warrant which stated in pertinent part:

"I, Deputy Sheriff William Hopkins, have received reliable information from a fellow law officer, Lt. Robert Verges, Chief Investigator, Sheriff's Department St. Clair County, that Lt. Robert Verges, has received information from a reliable source, John Doe, whose identity complainant would not chose [*sic*] to reveal due to great danger thereto, other than referring to him as John Doe. That on January 30, 1975, John Doe was present at the above location and observed refrigerators and dishwashers at said address. That Danny Stark, who resides at 30 Burma Road, Belleville, Illinois admitted to John Doe that said refrigerators and dishwashers were

taken by him, Danny Stark, from an apartment complex in the Yorktown subdivision, St. Clair County, Illinois, now under construction.

Complainant has probable cause based upon the following that the above listed things to be seized are now located on the premises set forth above; complainant has received information from reliable sources, fellow law officer, Larry Majeski, Sheriff's Office, St. Clair County, Illinois, that a burglary had occurred on January 22, 1975 at the 2500 Antiquity Lane, Belleville, Illinois, an apartment complex under construction in the Yorktown subdivision, St. Clair County, where refrigerators and dishwashers were taken in the recent past and that Larry Majeski is a reliable citizen.

That complainant had received information from a reliable source, Jane Smith, whose identity complainant would not chose [sic] to reveal due to great danger thereto, other than referring to her as Jane Smith, that on February 2, 1975, Jane Smith was present at the above location and observed refrigerators and dishwashers at the said location."

Subsequently, on February 5, 1975, a search warrant was issued and executed resulting in the seizure, at the defendant's home, of three refrigerators which were referred to in the complaint. The substance of the defendant's argument at the hearing on his motion to suppress was that the complaint was insufficient to show probable cause for the issuance of the warrant because the complaint failed to establish the reliability of the two undisclosed informants.

■■■ Initially the State contends that the defendant waived the issue because of his counsel's failure to object to the admission into evidence at trial of photographs of the refrigerators and his failure to renew the issue in his post-trial motion. Generally, the failure to preserve error at trial or in a post-trial motion constitutes a waiver of that issue on appeal; this waiver rule applies to constitutional questions as well as to other issues. (*People v. Curry*, 56 Ill. 2d 162, 306 N.E.2d 292 (1973); *People v. Neville*, 42 Ill. App. 3d 9, 355 N.E.2d 179 (4th Dist. 1976).) While in a proper case a reviewing court may take notice of errors which deprive the accused of substantial means of enjoying a fair and impartial trial even though not raised in the trial court (*People v. Pickett*, 54 Ill. 2d 280, 296 N.E.2d 856 (1973); *People v. Miller*, 47 Ill. App. 3d 412, 362 N.E.2d 22 (5th Dist. 1977)), and may apply the "plain error" rule (Ill. Rev. Stat. 1975, ch. 110A, par. 615(a)), we do not consider that this is appropriate here. Instead, we agree with the State that although the defendant initially filed a motion to suppress in which he questioned the legality of the issuance of the search warrant and the subsequent seizure of the refrigerators, it is apparent that

the defendant's counsel did not choose to challenge the trial court's ruling denying the motion and therefore elected to abandon the argument (*People v. Brainerd,* 41 Ill. App. 3d 183, 355 N.E.2d 117 (2d Dist. 1976).)

Moreover, we would reach the same result on the merits. We are of the opinion that the affidavit in the instant cause was sufficient to establish probable cause and that, therefore, the issuance of the search warrant and the subsequent seizure were lawful.

It is well settled that an affidavit which does not reflect the personal observations of the affiant but which is based on hearsay, as is true in the instant cause, provides a sufficient basis for a finding of probable cause when it meets the United States Supreme Court's two-pronged test of *Aguilar v. Texas,* 378 U.S. 108, 114-15, 12 L. Ed. 2d 723, 729, 84 S. Ct. 1509, 1514, (1964):

> "[T]he magistrate must be informed of some of the underlying circumstances from which the informant concluded that the [things to be seized] were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant * * * was 'credible' or his information 'reliable.'"

■■ Conceding that the first prong of the *Aguilar* test is satisfied by the affidavit in the instant case, the defendant's challenge focuses on the second prong which by his interpretation requires that the undisclosed informant be shown to be credible or reliable. The defendant's version of *Aguilar's* second prong departs from the cited language which, in essence, goes to the question of "whether the magistrate can determine that the informant is telling the truth." (*People v. Lindner,* 24 Ill. App. 3d 995, 998, 322 N.E.2d 229, 231 (2d Dist. 1975).) Moreover, the two-pronged test of *Aguilar* is not to be read as questioning the "substantial basis" approach of *Jones v. United States,* 362 U.S. 257, 4 L. Ed. 2d 697, 80 S. Ct. 725, (1960), whereby the question becomes one of whether there is a substantial basis for the magistrate to credit the hearsay (*United States v. Harris,* 403 U.S. 573, 581, 29 L. Ed. 2d 723, 732, 91 S. Ct. 2075, 2081 (1971).)

In *Jones* the Supreme Court upheld a search warrant although the information in the affidavit was almost entirely hearsay, the affiant's story being corroborated by other unnamed sources. The court in *Jones* concluded that there was a substantial basis for crediting the hearsay emphasizing, in part, that the corroboration by the unnamed sources of information "reduced the chances of a reckless or prevaricating tale; * * *" (362 U.S. 257, 271, 4 L. Ed. 2d 697, 708, 80 S. Ct. 725, 736). The Supreme Court in *Harris* repeated its statements in *Jones* that averments of previous reliability are not always necessary in determining whether there was a substantial basis for crediting the hearsay. In *Harris,* there was

held to be a substantial basis for crediting the hearsay contained in the affidavit where the informant, in addition to being corroborated, made a declaration against his penal interest. Moreover, the court enumerated other factors which can be taken into account by the judicial officer in making his determination. Among the factors listed by the court was corroboration of the informant's story even by unknown sources. In this regard, the court in *Harris* stated that if the affiant's informants are shown to be eyewitnesses the judicial officer to whom the affidavit is presented may determine that their conclusions are believable.

Regarding the general reliability of information provided by eyewitnesses, the court in *United States v. Bell,* 457 F.2d 1231, 1239 (5th Cir. 1972), observed:

> "Eyewitnesses by definition are not passing along idle rumor for they either have been the victims of the crime or have otherwise seen some portion of it. A 'neutral and detached magistrate' could adequately assess the probative value of an eyewitness' information because, if it is reasonable and accepted as true, the magistrate must believe that it is based upon first-hand knowledge."

The *Bell* court reasoned that the rationale behind requiring a showing of credibility and reliability was to prevent searches based upon an unknown informant's tip that may not reflect anything more than idle rumor or irresponsible conjecture.

■■ The State contends that as the affidavit in the instant cause shows both informants to be eyewitnesses to matters about which they reported, the issuing judge had ample grounds to find their conclusions believable. The State urges that the crucial information contained in the complaint for the search warrant was supplied by the undisclosed informant referred to as "John Doe" who saw dishwashers and refrigerators in the defendant's home and heard the defendant admit to stealing these items from a location in St. Clair County. It is the State's contention that the corroboration of Doe's information by the affiant-officer, established through a fellow officer, that there had been a theft of dishwashers and refrigerators from the location named by the defendant as the site of his crime together with the information received by the affiant-officer from "Jane Smith" who had also observed those items in the defendant's home, established the reliability of Doe's information and furnished probable cause for the issuance of the search warrant. We agree.

Contrary to the defendant's contention, we are of the opinion that the observations of the "Doe" and "Smith" were sufficiently detailed to establish the reliability of the statement of the other. We note that unlike narcotics or revolvers, dishwashers and refrigerators cannot be secreted

away into drawers or under beds. More importantly, their credibility and the reliability of the information they furnished is bolstered by the interrelationship of the two separate, but close in time, and identical observations of the dishwashers and refrigerators. In our opinion, the result reached by the trial court was amply supported by the evidence; under no circumstances could we find that it was in any way erroneous. Therefore, we conclude that the motion to suppress was properly decided and the physical evidence was properly received.

The defendant's second contention is that the court erred in failing properly to instruct the jury on the value of the refrigerators taken. The defendant did not object to the instructions submitted by the State on this basis nor did he tender alternate instructions which would have resolved the problem. Moreover, the defendant did not raise this issue in his post-trial motion. The defendant argues that because the jury was not instructed on value his conviction must be reduced to misdemeanor theft and the cause remanded for resentencing.

It is undisputed that the jury was neither asked to nor did its verdict find the property had any particular value. Nor is there any indication in the record that the indictment charging the defendant with theft of property valued over $150 was ever read to the jury. In view of these circumstances, the defendant urges, relying on *People v. Swinson,* 406 Ill. 233, 92 N.E.2d 758 (1950), and *People v. Dell,* 52 Ill. 2d 393, 288 N.E.2d 459 (1972), that the conviction for felony theft cannot stand. The State, relying on *People v. Piehl,* 6 Ill. App. 3d 296, 285 N.E.2d 612 (1st Dist. 1972), and *People v. Eastland,* 11 Ill. App. 3d 271, 296 N.E.2d 363 (4th Dist. 1973), assert that a general verdict is sufficient to sustain a felony conviction where no issue of value was raised and the evidence clearly established the property's value to be in excess of $150.

Our supreme court held in *People v. Swinson* that a trial court was without authority to consider a theft conviction a felony where the jury failed to include a finding or a determination of the value of the property taken. Later in *People v. Harden,* 42 Ill. 2d 301, 306, 247 N.E.2d 404, 407 (1969), the court observed "that when the place of punishment, and its duration, depend upon the value of the property stolen, that value is a material element of the offense which must be specifically found by the jury and incorporated in its verdict. (*People v. Swinson,* 406 Ill. 233; * * *)." The *Harden* court then proceeded to approve the conviction by relying on the issues instruction which required in addition to proof of the other elements of the offense, proof that the property taken had a value of more than $150. Hence, *Harden* apparently modified the *Swinson* rule by holding that if the issues instruction sets out all the elements of the felony charge, including the matter of value, and properly directs the jury that in

order to return a guilty verdict they must find affirmatively on the proposition that the State has met its burden of proof on each of the essential elements including that the property taken had a value in excess of $150, then a general verdict reciting only that the defendant has been found guilty is acceptable to sustain a conviction of felony theft. The decision in *People v. Eastland* is to the same effect. Relying wholly on *Harden* the *Eastland* court upheld a felony theft conviction based on a general verdict after noting that the jury had been instructed that the defendant was charged with theft of property exceeding $150 in value.

In *People v. Dell*, cited by the defendant, our supreme court concluded that the jury, because of the value instruction which had been submitted to it, had been foreclosed from making the required determination and, hence, was precluded from making an independent judgment concerning the value of the property taken. In *Dell*, as in the instant cause, the State argued that the defendant had waived any error by failing to object or to submit alternative instructions (or verdict forms) for misdemeanor theft and that the defendant had failed to rebut the State's proof at trial that the value of the property stolen exceeded $150. The court did not find these arguments persuasive nor did it agree with the State that the reading of the indictment (which charged theft of property valued in excess of $150), a factor not present in the case at bar, with the otherwise vague jury instructions, indicated that the jury independently found every material element of the offense. Instead, the court recognized that the issue before it involved the constitutional right to a jury trial, as is also alleged by the defendant in the instant cause, and found no waiver of the right by the defendant's failure to take some affirmative action to secure the right. Rejecting the analysis of the dissenting justice, based principally on *People v. Harden*, the majority in *Dell* held that the verdict supported only a conviction for misdemeanor theft.

In the instant cause, the verdict form submitted to the jury did not specify that it was for a finding as to felony theft, therefore, the defendant cannot be said to have waived the objection to being sentenced for a felony by his failure to object to the verdict form or to offer one of his own. In addition, unlike *Harden* and *Eastland*, the issues instruction made no reference to the essential element of value and did not properly instruct that the State had any burden of proof on that issue that the value of the property taken exceeded $50. The State cites *People v. Piehl* for the proposition that where the undisputed evidence established value well in excess of $150 no finding by the jury as to value is necessary. We disagree, albeit reluctantly.

The holding in *Piehl* was based, in part, on the decision in *People v. Tomaszek*, 54 Ill. App. 2d 254, 204 N.E.2d 30 (1st Dist. 1964). In *People v. Pugh*, 29 Ill. App. 3d 42, 45-46, 329 N.E.2d 425, 428 (4th Dist. 1975), the

court, faced with the same proposition, examined the *Tomaszek* case and construed its holding to mean only that where the jury is properly instructed with respect to the elements of an indictment charging felony theft then, as in *People v. Harden,* a general verdict finding the defendant guilty "in the manner and form charged in the indictment" is sufficient to eliminate ambiguity as to the meaning of the verdict and, therefore, no further finding of value in the verdict is required. We agree with that court's analysis of *Tomaszek* and our reading of *Piehl* leads us to conclude that the court's finding there was based on the same reasoning.

In the case at bar, the general verdict form returned by the jury finding the defendant "guilty of theft" made no reference to the value of the property taken nor did it refer to felony theft. The verdict forms which were submitted to the jury and the theft instructions, definitional and issues, which were read to it are those provided in the Illinois Pattern Instructions, Criminal (IPI Criminal Nos. 26.02, 26.05, 13.01 and 13.02), and adopted by our supreme court for use in criminal cases effective January 1, 1969 (see Ill. Rev. Stat. 1975, ch. 110A, par. 451). In *People v. Cunitz,* 45 Ill. App. 3d 165, 359 N.E.2d 1070 (1977), we reversed a conviction for felony theft where although just as in the instant cause the jury was given the IPI Criminal issues instruction pertaining to theft, which purportedly recites all of the substantive elements of the offense, it was presented no occasion for making a finding on the probative worth of the value evidence before it. We commented in *Cunitz* on the problems which necessarily result from the phrasing of the series of instructions pertaining to theft which make no distinction between felony theft and misdemeanor theft. However, in the case before us, unlike *Cunitz,* the evidence of the property's value is undisputed. Moreover, there can be no doubt that it exceeded $150 as there was testimony by the owner of the property that the refrigerators had an approximate value of $300 apiece.

■■ We note that the defendant in *People v. Dell* was convicted prior to our supreme court's approval and adoption of IPI Criminal. While we doubt that the court would today follow *Dell* in a case where there is undisputed evidence that the value of the property taken greatly exceeded $150, we, however, feel obliged to follow the rule of *Dell* and *People v. Swinson.* Hence, we must conclude, that the verdict in the instant cause cannot support a conviction for felony theft but will support only a conviction for misdemeanor theft. Therefore, the sentence imposed on the defendant was erroneous in that he has served all or more than the maximum term of imprisonment for which he could have lawfully been sentenced as a misdemeanant. "Where a sentence is erroneous, and defendant has served more than the maximum term of imprisonment for which he could have been lawfully sentenced to jail, the judgment will be reversed and cause will not be remanded to correct the

sentence." *People v. Swinson,* 406 Ill. 233, 237, 92 N.E.2d 758, 761 (1950); *People v. Dell.*

Accordingly, the judgment of the Circuit Court of St. Clair County is reversed and the cause will not be remanded to correct the sentence.

Reversed.

JONES and G. J. MORAN, JJ., concur.

### SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

Mr. JUSTICE KARNS delivered the opinion of the court:

■■ The State has filed a petition for rehearing in this court, alleging as grounds therefor, that the defendant was entitled at most to a reversal of his conviction and a remand for a new trial. Upon reconsideration of our disposition of this cause, we believe, notwithstanding *People v. Swinson,* 406 Ill. 233, 92 N.E.2d 758 (1950), and *People v. Dell,* 52 Ill. 2d 393, 288 N.E.2d 459 (1972), that an outright reversal of the defendant's conviction is not warranted. Pursuant to our authority under Supreme Court Rule 615(b)(3) (Ill. Rev. Stat. 1977, ch. 110A, par. 615(b)(3)), we reduce the degree of the offense of which the defendant was convicted to misdemeanor theft, and affirm the conviction for the lesser offense, defendant to be discharged from custody. As so reduced, the conviction is affirmed.

Modified and affirmed.

JONES and G. J. MORAN, JJ., concur.