(No. 35890.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* DONALD EVANS, Plaintiff in Error.

*Opinion filed November 30, 1961.*

SIDNEY H. DRURY, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and JOHN T. GALLAGHER and LEO F. POCH, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Defendant was convicted after a trial by the court without a jury of larceny of property of the value of $89 and was sentenced to the penitentiary for a term of from one

year to nine years. He brings this writ of error to review his conviction, contending (1) that the State failed to establish adequately the value of the stolen property, (2) that a felonious intent to steal was not proved beyond a reasonable doubt, and (3) that the testimony of the complaining witness was conflicting and self-contradictory and should be discredited. At the time of this offense, larceny of property having a value of less than $50 was a misdeameanor, while larceny of property of greater value was a felony punishable by imprisonment in the penitentiary for a term of not less than one year nor more than ten years. Ill. Rev. Stat. 1957, chap. 38, par. 389.

The evidence is undisputed that defendant removed a watch from a show case in a jewelry store and placed it in his pocket. The only evidence as to the value of the watch was the testimony of the owner of the store, who appeared as a witness for the People. On direct examination, he testified that the fair cash value of the watch was $89.50. This testimony was received without objection on the part of the defendant. On cross-examination, the same witness stated that the watch had cost him approximately $45. The trial judge found the defendant guilty of larceny of property of the value of $89. Defendant contends that the evidence was insufficient to support the finding as to value. In support of this contention, he argues that the testimony of the owner was as to the "fair cash value" rather than the "fair cash *market* value" and also that the value testimony was not specifically directed to the time and place of the crime. Defendant cites the case of *People* v. *Fognini,* 374 Ill. 161, where we reversed a conviction for larceny where the only value testimony was directed to the "fair cash value" rather than the "fair cash market value" and argues that the decision in that case compels a reversal of his conviction. However, unlike the present case, the value testimony in the *Fognini case* was admitted over the strenuous and repeated objections of the

defendant, who insisted that the inquiry should be directed to market value. Moreover, in the *Fognini case,* the evidence in the record indicated that the property in question was unmarketable through ordinary retail channels, and thus it was apparent that the witness who testified as to fair cash value did not mean the same thing as market value. No such factors are present in this case. The testimony as to value was received in evidence without any objection on the part of the defendant, and there is nothing to suggest that the witness was not thinking in terms of market value at the time of the theft or that his testimony would have been any different had the question been impeccably phrased. Under these circumstances, the evidence was sufficient to sustain the finding as to value. *People* v. *Officer,* 10 Ill.2d 203.

Defendant's contention that the evidence was insufficient to prove an intent to deprive the owner permanently of possession of the property is based upon his own testimony that he was employed by the owner and that he took the watch only for the purpose of using it as a demonstrator in connection with sales of merchandise. This testimony was in conflict with that of the owner, and the trial judge was not obliged to accept defendant's version of the occurrence and reject that of the People. The People's evidence, if believed by the trial judge was sufficient to prove the defendant's guilt beyond a reasonable doubt. Thus, the real issue is not the sufficiency of the evidence, but rather the credibility of the witnesses.

This brings us to defendant's final contention, namely, that the testimony of the complaining witness was so replete with contradictions and inconsistencies that it is incompetent and should be disregarded. Where a jury is waived, the credibility of witnesses, the weight to be given their testimony and inferences to be drawn therefrom are for the trial court who saw and heard the witnesses testify. This court will not set aside a conviction which depends

upon such matters unless it is necessary to prevent apparent injustice. (*People* v. *Lucky,* 21 Ill.2d 501; *People* v. *Franceschini,* 20 Ill.2d 126; *People* v. *Pride,* 16 Ill.2d 82.) From an examination of the record in this case, we are unable to agree with defendant's contention that the evidence upon which his conviction was based is of such unsatisfactory a character as to require a reversal.

The judgment of the criminal court of Cook County is affirmed.