(No. 41220.— ▉▉▉▉▉▉)
THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
PALESTINE HARDEN, Appellant.

*Opinion filed March 27, 1969.—Rehearing denied May 27, 1969.*

JULIUS LUCIUS ECHELES, JO-ANNE F. WOLFSON, and FREDERICK F. COHN, all of Chicago, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, HENRY S. DIXON, State's Attorney, of Dixon, (FRED G. LEACH, Assistant Attorney General, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

A jury in the circuit court of Lee County found the defendant, Palestine Harden, guilty of theft, and she was sentenced to a term of from 3 to 6 years in the Illinois State Reformatory for Women. She has appealed directly to this court asserting, among other grounds for reversal, that the statute under which she was convicted is unconstitutional.

On November 21, 1964, the defendant entered Trein's Jewelry Store, in Dixon, Illinois, and asked to see some

rings. The store was owned by a partnership consisting of Gordon Brantley and his wife. While Brantley was showing the rings to the defendant, a cohort sounded an automobile horn in front of the store and the defendant hurried out. Brantley did not see her take anything, but immediately after the defendant had left the store, he noticed that a diamond ring was missing. He described the ring as "a diamond dinner ring with one center stone and it was surrounded by full-cut diamonds, small full-cut diamonds, and it made the form something like a question mark; it goes around the finger, the center stone and then the smaller ones going down the shank."

The defendant was arrested in Cedar Rapids, Iowa, on November 23, 1964. A sales clerk in a department store in that city testified that on that date she had waited upon the defendant and had commented to the defendant upon the beautiful ring the defendant was wearing. She described it as having "a large setting of white gold, a large stone in the middle, which was all outlined with other nice-sized diamonds, and the end came into a little fishtail mounting." A police matron from the Cedar Rapids Police Department testified that when she took custody of the defendant on November 23, 1964, the defendant was wearing a ring but that the ring could not thereafter be found.

The statute under which the defendant was convicted provides that theft is committed when a person "knowingly: (a) Obtains or exerts unauthorized control over property of the owner * * * and (1) Intends to deprive the owner permanently of the use or benefit of the property * * *." (Ill. Rev. Stat. 1967, chap. 38, par. 16—1.) The defendant argues that the term "unauthorized control," which is not defined in the statute, is not limited in its normal meaning to criminal activity and is "so vague and general that it fails to inform a person of general intelligence what conduct is proscribed under the provisions of the criminal law."

In our opinion this statute does not suffer from that defect. This provision of the Criminal Code is a comprehensive codification of the broad range of offenses against property that have long been familiar to our statutory and common law. (S.H.A., ch. 38, § 16—1, Drafting Committee Comments.) The words used incorporate centuries of understanding (see, *People* v. *Garman,* 411 Ill. 279, 282), and the phrase "unauthorized control," when considered in the context of familiar common-law and statutory notions of deprivation of property, affords adequate notice of the type of conduct that is forbidden. The statute defines "obtain" and "obtains or exerts control" (Ill. Rev. Stat. 1967, ch. 38, pars. 15—7, 15—8), and the requirement of knowing violation effectively eliminates any residual indefiniteness. (*United States* v. *National Dairy Products Corp.,* 372 U.S. 29, 9 L. Ed. 2d 561, 83 S. Ct. 594; *Boyce Motor Lines, Inc.* v. *United States,* 342 U.S. 337, 96 L. Ed. 367, 72 S. Ct. 329.) In *People* v. *Reed,* 33 Ill.2d 535, we rejected a similar attack upon the "without authority" and "theft" language of the burglary statute.

The defendant next contends that the prosecution failed to prove the allegation of ownership of the stolen ring. The indictment charged that the defendant committed theft of a ring, "the property of Gordon Brantley." The proof was that the ring belonged to a partnership consisting of Gordon Brantley and his wife. The present statute defines "owner" as follows: " 'owner' means a person, other than the offender, who has possession of or any other interest in the property involved, even though such interest or possession is unlawful, and without whose consent the offender has no authority to exert control over the property." (Ill. Rev. Stat. 1967, ch. 38, par. 15—2.) As one of the partners who owned the ring, Brantley had a sufficient interest to support the allegation of ownership. This is not a case in which the proof fails to show ownership in the person named in the

indictment, and the defendant's objection must be that the proof did not exactly conform to the allegation.

The primary purposes of the requirement that ownership be alleged are to enable the accused to prepare for trial and to plead an acquittal or conviction in bar of a subsequent prosecution for the same offense. (*People* v. *Furman,* 26 Ill.2d 334; *People* v. *Stewart,* 23 Ill.2d 161; *People* v. *Johnson,* 20 Ill.2d 336.) Although legal title was in the partnership, the allegation of "one diamond ring of a total value of $650, the property of Gordon Brantley" sufficiently identified the property to enable the defendant to prepare her defense and to plead double jeopardy. While corporate property is owned by the corporation, and not the stockholders, partnership property is owned by the partners. (1 Fletcher, Corporations, secs. 20, 31.) The defendant does not argue that she was in any way prejudiced by the variance between the indictment and the proof. Since the purpose of the allegation and proof of ownership have been realized, the conviction will not be defeated by harmless variance. *People* v. *Stewart,* 23 Ill.2d 161; *People* v. *Kreisler,* 381 Ill. 453.

The Criminal Code provides that a person first convicted of theft of property exceeding $150 in value shall be imprisoned from one to 10 years, while a person first convicted of theft of property not exceeding $150 in value shall be fined, or imprisoned in a penal institution other than the penitentiary not to exceed one year. (Ill. Rev. Stat. 1963, ch. 38, par. 16—1.) The defendant's final contentions are that the value of the ring was not proved and that, because the jury failed to return a finding of its value, she was improperly sentenced. Brantley testified that the tax-included price of the ring was $650, and its price, before tax, was about $590. The opinion testimony of one who has sufficient knowledge of the property and its value to give a reasonable estimate, received without objection, is sufficient, in the ab-

306

sence of contrary evidence, to establish value. (*People* v. *Evans,* 23 Ill.2d 302; *People* v. *Stewart,* 20 Ill.2d 387; *People* v. *Officer,* 10 Ill.2d 203.) Brantley had been a jeweler for 20 years and was competent to give his opinion as to the value of the ring. Although he couched his opinion in terms of "gross value" by which he meant the price including taxes, the required standard of fair cash market value can be established by cost plus other proof. (*People* v. *Rose,* 19 Ill.2d 292; *People* v. *Todaro,* 14 Ill.2d 594.) The uncontroverted evidence described this ring as containing one large diamond and numerous smaller diamonds of a "nice size." This evidence adequately established a fair cash market value in excess of $150, despite the lack of evidence that the ring was not affected by obsolescence, depreciation or deterioration. *People* v. *Rose,* 19 Ill.2d 292.

The jury verdict reads in its entirety: "We, the Jury, find the defendant, Palastine [*sic*] Harden, guilty." The defendant correctly states that numerous opinions of this court have held that when the place of punishment, and its duration, depend upon the value of the property stolen, that value is a material element of the offense which must be specifically found by the jury and incorporated in its verdict. (*People* v. *Swinson,* 406 Ill. 233; *People* v. *Crane,* 356 Ill. 276; *People* v. *Valanchauskas,* 324 Ill. 187.) The requirement is not burdensome, and it eliminates uncertainty.

In the present case, however, the jury was given the following instruction: "The Court instructs the jury that before you find the Defendant, Palestine Harden, guilty, the state must prove the following propositions beyond a reasonable doubt, namely: * * *. 2. That said diamond ring had a value in excess of $150.00. * * * If you find the state has failed to prove any of these propositions beyond a reasonable doubt, then you are to find the defendant, Palestine Harden, not guilty." The effect of this instruction was to eliminate any possibility that the jury might find the

defendant guilty of a lesser offense, and to remove any ambiguity in the verdict of the jury.

The judgment of the circuit court of Lee County is affirmed.

*Judgment affirmed.*