**People of the State of Illinois, Plaintiff-Appellee, v. Arthur Ellis, Defendant-Appellant.**

Gen. No. 52,352.

First District, Third Division.

July 18, 1969.

Spray, Price, Hough & Cushman, of Chicago (Wesley S. Walton and James A. Broderick, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James J. Meehan, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

Arthur Ellis and Ronald Belousek were indicted for attempted burglary, possession of burglary tools and unlawful use of weapons. They were tried together, found guilty by a jury and were each sentenced to the penitentiary for a term of one to five years on each count. Separate appeals were taken. We have affirmed the conviction of Belousek in an earlier opinion, 110 Ill App2d 442, 249 NE2d 693. The same points are made in each appeal, that is, that the convictions rest upon illegally seized evidence and that the defendants were not proved guilty beyond a reasonable doubt. Since the factual circumstances surrounding the arrests and convictions are common to both, we will set them forth in a general way while highlighting those facts unique in their relation to Ellis. For a more complete exposition we refer to our opinion in People v. Belousek, supra.

On August 28, 1964, between 8:45 and 9:00 p. m., Jerome Colleran, an Evanston, Illinois police officer, observed a white over green 1956 Chevrolet traveling west on Davis Street in Evanston. Two white men were in the car and although it was dark, neither the headlights nor taillights were on. Officer Colleran radioed his home station and the other police cars in the area to advise them of what he had observed and to ask them to look for the automobile.

About ten or fifteen minutes after making the radio call Colleran received a radio message that two men in a light car with a dark bottom were suspected of attempting to burglarize an apartment in Evanston. The scene of the attempted burglary was not more than six blocks from the place where Officer Colleran had observed the Chevrolet on Davis Street. Colleran immediately radioed his fellow officers and asked them to watch for that car, as it might be the same one reported to be used by the suspected burglars.

A minute or two after receiving Officer Colleran's second call, Officers Lillig and Branstrom observed a 1956 Chevrolet, white over green, several blocks away from the location of the attempted burglary. They stopped the car and directed its occupants to step out. When the passenger door was opened Officer Lillig saw a tire iron protruding from under the front seat where Ellis was seated. As he was removing it, he also found a blackjack next to it. Ellis stated he did not know that either object was there. While the men were being questioned, Officer Colleran drove up and recognized the car as the one he had previously seen and the two men as the persons he had seen in it.

At about 9:00 p. m. the same night, Mrs. George Seaverns looked out of a window of her second-floor apartment at 902 Greenwood Avenue, Evanston and observed two men alighting from a car parked at the curb. A

157

few minutes later she went into the kitchen where she heard a noise which sounded like a "scrunching of wood" coming from the back porch. After calling to her neighbor, the noise stopped and she heard footsteps going down the stairs. She went out on the back porch and noticed fresh marks on her neighbor's door. Upon reentering her own apartment she went back to the window and observed two men walk out and enter a white over dark Chevrolet. She then called the police.

The tire iron and blackjack together with the marked doorjamb were taken to the Chicago Police Department Crime Laboratory where they were tested by a Dr. Forslev. One of the impressions on the doorjamb was measured and found to be the same width as the tire iron. Several fragments of paint were found adhering to the end of the tire iron. After a microscopic examination and chemical analysis they were found to look and react the same as paint fragments taken from the gouged area of the doorjamb. It was Dr. Forslev's opinion that the particles of paint had a common origin.

 Defendant contends that his motion to suppress evidence alleged to have been illegally seized was improperly denied. He argues that the search which yielded the tire iron and blackjack was unreasonable and in violation of his constitutional rights. That contention was disposed of in the Belousek case. The testimony revealed that the articles in question were in plain view. Observation of that which is open to view does not constitute a search, so that seizure of articles in plain view cannot be considered unreasonable. People v. Pickett, 39 Ill2d 88, 233 NE2d 560; People v. Tate, 38 Ill2d 184, 230 NE2d 697. Even if seizure of the items resulted from a search, the search was based upon probable cause and was therefore lawful. See Belousek, supra.

158

■ Defendant also contends that the State failed to prove his guilt beyond a reasonable doubt. Belousek also made that argument in his appeal and we disposed of it as unconvincing. After reexamination of all the evidence we feel that our analysis of the Belousek case applies with equal force to the case at bar. The evidence proves beyond a reasonable doubt that a burglary was attempted and that the defendant participated in that attempt.

Judgment affirmed.

SULLIVAN, P. J. and DEMPSEY, J., concur.