**People of the State of Illinois, Plaintiff-Appellee, v. Sylvester Webb, Defendant-Appellant.**

**Gen. No. 53,094.**

First District, First Division.

November 10, 1969.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Herbert Becker, Norman W. Fishman, and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, Assistant State's Attorney, of counsel), for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

In a 2-count indictment, defendant was charged in Count I with the offense of theft of "an automobile, of a value in excess of one hundred and fifty dollars," in violation of chapter 38, section 16–1(a) of the Ill Rev Stats 1965, and in Count II with the offense of "criminal trespass to vehicle," in violation of chapter 38, section 21–2. In a bench trial he was found guilty on both counts "in manner and form as charged in the indictment." On Count I he was sentenced to the penitentiary for a term of two to four years. No sentence was imposed on Count II.

On appeal defendant contends that "the material allegation in the indictment that the value of the car was in excess of $150 was not proved." The "penalty" provision of section 16–1 provides that a person first convicted of theft of property exceeding $150 in value shall be imprisoned in the penitentiary from one to ten years, while a person first convicted of theft of property not exceeding $150 shall be fined or imprisoned in a penal institution other than a penitentiary not to exceed one year. Ill Rev Stats 1965, c 38, § 16–1.

The complaining witness, Fred McCullough, testified that on September 30, 1967, he owned a 1963 Chevrolet convertible, which he had purchased on September 24, 1967, for $1,000, approximately a week before the theft. He testified that he parked the car outside of his home at 10:30 p. m. on September 30, and the next time he saw his car was the following day at the auto pound. He did not know defendant, nor did he give him permission to use his car. State's Exhibit 1 was a bill of

sale, which showed that the complaining witness purchased the car for $1,000 on September 24, 1967.

The record indicates that after both sides rested the court announced, "There will be a finding of guilty of theft in manner and form as charged in the indictment." The attorney for the defendant then asked if the court was making a finding that the value of the automobile was $150. The court replied that the finding of "guilty" had nothing to do with the "value," and "that is a matter for aggravation and mitigation." Later, and at the hearing in aggravation and mitigation, the court, over defendant's objection, accepted the testimony of an alleged expert witness that an automobile similar to the one in question had a value of $650, or at least $400. The court then announced, "From the testimony in the record, from the testimony of this man, the Court finds, as a matter of law, that the fair market value on the date of the theft exceeded a hundred and fifty dollars."

Defendant argues that the evidence of the State did not meet the requirement of proof of value exceeding $150 beyond a reasonable doubt (People v. Mosby, 25 Ill2d 400, 403, 185 NE2d 152 (1962)); that the value of the stolen goods, for the purposes of a theft prosecution, is not based on cost but on its fair cash market value. (People v. Hansen, 28 Ill2d 322, 340, 192 NE2d 359 (1963).) Defendant's authorities also include People v. Kurtz, 69 Ill App2d 282, 216 NE2d 524 (1966), where it is said (p 288):

> "In this case, absent proof beyond a reasonable doubt of the value of the property stolen, the theft was a misdemeanor and subject only to the punishment applicable thereto. The value which makes it a felony rather than a misdemeanor is the fair cash market value of the property at the place and at the time of the theft."

■ After examining the authorities of both sides, it is obvious that to sustain a felony conviction in a theft prosecution, value is a material allegation to be included in the indictment and of which proof must be made during the trial and specifically found by the court or by a jury and incorporated in its verdict. People v. Harden, 42 Ill2d 301, 247 NE2d 404 (1969).

We think the guidelines to be used here are set forth in People v. Tassone, 41 Ill2d 7, 241 NE2d 419 (1968); and People v. Harden, 42 Ill2d 301. In 41 Ill2d 7, it is said (p 12):

> "In order to sustain a conviction of a felony the value of the property stolen must be shown to be in excess of $150. . . . It is true that in this case there was no direct proof of value. However, it has been well recognized that judicial notice may be taken of the fact that property has some value, although the courts have been reluctant to take notice of any specific value. . . . We see no valid reason why notice may not be taken in a case such as this that the property has a value of over $150. Courts do not operate in a vacuum; they are presumed to be no more ignorant than the public generally, and will take judicial notice of that which everyone knows to be true. . . . To say that it is not common knowledge that a large tractor and trailer are worth more than $150 is to close our eyes to reality. We do not take judicial notice of the exact value of the property but we do take notice that it is worth more than $150."

In 42 Ill2d 301, 247 NE2d 404, it is said (p 306):

> "[T]he required standard of fair cash market value can be established by cost plus other proof. (People v. Rose, 19 Ill2d 292; People v. Todaro, 14 Ill2d 594.)

The uncontroverted evidence described this ring as containing one large diamond and numerous smaller diamonds of a 'nice size.' This evidence adequately established a fair cash market value in excess of $150, despite the lack of evidence that the ring was not affected by obsolescence, depreciation or deterioration. People v. Rose, 19 Ill2d 292.

". . . The defendant correctly states that numerous opinions of this court have held that when the place of punishment, and its duration, depend upon the value of the property stolen, that value is a material element of the offense which must be specifically found by the jury and incorporated in its verdict. (People v. Swinson, 406 Ill 233; People v. Crane, 356 Ill 276; People v. Valanchauskas, 324 Ill 187.) The requirement is not burdensome, and it eliminates uncertainty.

■ After examining this record in the light of the foregoing pronouncements, we find that the testimony of the complaining witness presented during the trial and corroborated by Exhibit 1, that he paid $1,000 for the car a week before its theft, was sufficient to establish the value of the stolen car to be in excess of $150. Although the court indicated that the "finding of guilty of theft in manner and form as charged in the indictment" did not include a finding of "value," and proceeded on the assumption that "value" was a matter for proof at the hearing in aggravation and mitigation, the essential and material elements of the indictment were proved during the trial proper and before the guilty finding by the court.

■ The failure of the court in this case to make a specific finding of value in finding defendant guilty of theft did not prejudice defendant. Since the evidence of value was sufficient and uncontradicted, a general find-

ing that defendant was guilty of theft in the manner as charged in the indictment was adequate to sustain a felony conviction. People v. Wilson, 84 Ill App2d 269, 275, 228 NE2d 131 (1967) ; People v. Tomaszek, 54 Ill App2d 254, 261, 204 NE2d 30 (1964).

For the reasons given, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

ADESKO, P. J. and BURMAN, J., concur.