THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FRED CASSMAN, Defendant-Appellant.

(No. 74-239; ▮▮▮▮▮▮▮▮)

Second District (2nd Division)—October 9, 1975.

Ralph Ruebner, of State Appellate Defender's Office, of Elgin, for appellant.

Gerry L. Dondanville, State's Attorney, of Geneva (Clarence Wittenstrom, Jr., Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE DIXON delivered the opinion of the court:

Defendant, Fred Cassman, was indicted by the Kane County Grand Jury for the offense of theft. He was found guilty at a jury trial and sentenced to three to nine years' imprisonment. He argues on appeal that he was not proven guilty beyond a reasonable doubt as there was a fatal variance between the indictment and the trial evidence as to the lawful ownership of the property involved, that his counsel was incompetent in not moving to suppress certain evidence, and that certain evidence should have been suppressed.

Defendant's conviction on the instant charge was the result of a retrial after his first conviction was reversed and remanded. Defendant's accomplice, George Stiles, and defendant went to an Eagle grocery store in Elgin, on March 31, 1971. Defendant took a box into the record department of the store and filled it with record albums. Stiles picked up the box and walked out the door which defendant opened. After they got outside the manager saw them and yelled. Stiles dropped the box and

ran. Stiles was immediately caught. The manager saw defendant-standing nearby. Defendant said he had not been with Stiles, then walked to his car and drove off. A police officer arriving at the scene talked with the manager and then followed defendant's car, stopping defendant and returning with him to the store. Then defendant and Stiles were arrested and defendant gave an officer permission to drive defendant's car to the police station. Upon getting into the car the officer noticed boxes sitting on the back seat, approximate in size to the box containing the stolen records. Subsequently the police removed these boxes, found to contain record albums owned by defendant, from the car.

Defendant denied stealing the records here involved, said that he did not know Stiles, indicated that he had been in the Eagle store looking for his wife, and said that he was in the record business.

The indictment charged defendant with felony theft in that he "\* \* \* obtained or executed unauthorized control over certain phonograph records having a value exceeding $150.00, the same being the property of Eagle Foods, a corporation \* \* \*." At post-trial motions it became known, and it was stipulated to, that the correct name of the corporation was "Eagle Discount Supermarkets, Mid-West Region, Lucky Stores, Inc." Defendant contends that there was thus a fatal variance between the indictment and the proof, that the owner of the property was not properly proven.

■■ The testimony at trial indicated that the records were owned by "Eagle Food Corporation." Defense counsel did not argue in his closing argument that ownership of the stolen records was not proven. In an offense against property the allegation of ownership is essential and must be proven. *People v. Mosby*, 25 Ill.2d 400.

> "A variance as to names alleged in an indictment and proved by the evidence is not regarded as material unless it is made to appear to the court that some substantial injury was done to the accused thereby." (*People v. Nelson*, 17 Ill.2d 509, 512.)

See also *People v. Mahle*, 57 Ill.2d 279; *People v. Harden*, 42 Ill.2d 301; *People v. Allen*, 17 Ill.2d 55.

*People v. Bristow*, 8 Ill.App.3d 805, is particularly applicable to the case at bar. In *Bristow*, the defendants were charged with knowingly damaging a building, "\* \* \* to-wit: fraternity house of Triangle Housing Association, a corporation \* \* \*." The proof indicated that the fraternity house was owned by Northwestern University and leased to the Housing Association of Northwestern University Chapter of Triangle, an Illinois corporation. The court in *Bristow* said at page 809:

> "Neither defendants nor the jury was misled by proof that as to the house, possessory interests of the fraternity was in a corpora-

tion of a name different from the one alleged in the indictment. There is no showing that this proof subjected defendants to substantial injury or hindered them in the presentation of their case. It appears that the building in question did not belong to any of the defendants. It is certain that if a second prosecution were brought for the same offense, defendants can refer to the record of these proceedings to establish prior jeopardy."

Defendant in the case at bar had full discovery of the State's evidence and knew exactly what store he was charged with stealing from. Indeed, he alleges no prejudice. The reason for proving ownership of the property is to protect the defendant against double jeopardy. (*People v. Flaherty*, 396 Ill. 304.) Given the proof in the instant case, plus the stipulation of the State as to the proper name of the corporate owner, defendant is in no danger of double jeopardy. He may have recourse to the record in this case if a subsequent prosecution for the same offense should arise. (*Bristow*.) See also *People v. Reese*, 29 Ill.App.3d 568, 331 N.E.2d 316 (1st Dist.); *People v. Sims*, 29 Ill.App.3d 815, 331 N.E.2d 178 (1st Dist.)

Defendant's contention as to incompetence of counsel is patently frivolous. After his first conviction was reversed and remanded, his newly appointed counsel did make a motion to suppress the evidence, *i.e.*, boxes of records, found in the back seat of defendant's car.

■■ Finally, there was no reason that this evidence found in the back seat of defendant's car should have been suppressed. Defendant contends simply that the seizure was unlawful. He does not question the relevance or probative value of the evidence seized. He argues that the evidence was seized as the result of an unlawful search. There was testimony presented which indicated that defendant gave a police officer permission to drive his car to the station and that when the officer got into the car he saw the boxes setting in the back seat. These boxes were properly seized as they were in plain view. *Harris v. United States*, 390 U.S. 234, 19 L. Ed. 2d 1067, 88 S.Ct. 992; *People v. Ellis*, 113 Ill.App.2d 155.

For the foregoing reasons, the judgment of the Circuit Court of Kane County is affirmed.

Judgment affirmed.

RECHENMACHER, P. J., and T. MORAN, J., concur.