THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
WILLIAM D. COWAN, Defendant-Appellant.

First District (5th Division)    No. 76-1240

Opinion filed May 20, 1977.

James J. Doherty, Public Defender, of Chicago (Suzanne M. Xinos, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Iris E. Sholder, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Following a bench trial, defendant was convicted of theft in violation of section 16—1(a) (1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 16—1(a)(1)) and fined $90. On appeal he contends he was not proved guilty beyond a reasonable doubt.

At trial the following evidence pertinent to this appeal was adduced.

*For the State*

*Carter Brailford*

He is an investigator at the Spiegel Warehouse located at 1061 West 35th Street, Chicago. Neither the public nor employees of Spiegel may make purchases at this location. However, there is a retail outlet across the street.

On April 28, 1976, he found a shirt in a cellophane bag under defendant's work cart. The bag had a Spiegel catalog number on it. He marked the shirt, placing a cross by the buttonhole on the right sleeve, and an "s" behind the size label. He then left it under the cart. On May 20, 1974, he saw defendant wearing the shirt and asked him if he could

examine it. Defendant agreed. He found it bore the markings he had previously made, however, a label [which said "Quinessa"] was missing.

On cross-examination he stated that after marking the shirt, he checked defendant's work cart "just about every day" between April 29 and May 13 to verify that the shirt was still there. He also stated that Spiegel does not manufacture clothing. Consequently, other merchants may sell the same brand of shirt.

*For defendant*

*Defendant on his own behalf*

In April and May, 1976, he was employed by Spiegel as a repacker.

He purchased the shirt in question, along with another similar shirt (which he produced at trial) from a peddler at 35th and Morgan. Together, the two shirts cost him between four and five dollars.

In order to avoid soiling his clothes, he sometimes changed clothing before beginning work. Accordingly, he kept "a couple of shirts" at Spiegel's. In late April 1976 he wore the shirt in question to work. However, because he intended to go out that evening, he changed shirts when he reached Spiegel's. He put his new shirt in a plastic bag and placed it under his work cart. At the end of the day he did not change back into his new shirt, but left it at work.

On cross-examination he stated he did not know the name of the peddler who sold him the shirt. He further stated that he only wore the shirt twice—on April 27, 1976, and on May 20, 1976.

*Michael Walinski*

He is a security officer for Spiegel. On April 27, 1976, Brailford showed him the shirt in question. It was folded inside a cellophane bag underneath defendant's cart. Brailford also showed him the markings he made on the shirt. At this time it had a "Quinessa" fabric label on it. Thereafter, he watched for the shirt. On May 20, 1976 he observed defendant wearing it.

OPINION

Defendant's sole contention on appeal is that he was not proved guilty beyond a reasonable doubt.

■■ Proof that one other than the accused either owns or has a superior possessory interest in the property allegedly stolen is an essential element of the offense of theft. (*People v. Watkins* (1973), 16 Ill. App. 3d 541, 306 N.E.2d 504.) Section 15—2 of the Criminal Code of 1961 defines "owner" as "a person * * * who has possession of or any other interest in the property * * *." Ill. Rev. Stat. 1975, ch. 38, par. 15—2.

Here, the State failed to prove ownership in one other than the defendant. At trial the State relied on the testimony of Brailford to

establish that Spiegel owned the shirt. He stated he first saw it in a cellophane bag underneath defendant's work cart. Although the *bag* had Spiegel's markings on it, the *shirt* did not. Rather, its only markings were two labels indicating size and fabric. While Spiegel carried this variety of shirt, Brailford admitted it was possible that other retailers did also, because Spiegel bought its clothing from a manufacturer. Thus, defendant could have purchased the shirt elsewhere as he suggests. Nor did Brailford and Walinski testify as to the condition of the shirt. Evidence elicited from either man that the shirt looked unused or that it was pinned and folded in a *sealed* bag might have established circumstantially Spiegel's ownership of the shirt.

Admittedly Brailford, in response to an inquiry by the prosecutor on direct examination, stated that Spiegel owned the shirt. However, absent some corroborating evidence, this is merely a conclusory statement.

■■ Because the State failed to prove beyond a reasonable doubt that the shirt belonged to one other than defendant, an essential element of this offense, we must reverse. *People v. Horne* (1974) (abst.), 19 Ill. App. 3d 774, 312 N.E.2d 829; *People v. Wallace* (1922), 303 Ill. 504, 135 N.E. 723.

Reversed.

SULLIVAN, P. J., and MEJDA, J., concur.