DANIEL CARR, Plaintiff-Appellant, v. THE CITY OF DES PLAINES et al., Defendants-Appellees.

First District (5th Division)    No. 77-1675

Opinion filed December 8, 1978.

Paul C. Ross and John F. Martoccio, both of Chicago, for appellant.

Charles R. Hug, of Des Plaines, for appellees.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

Plaintiff appeals from portions of an order of the circuit court affirming the City of Des Plaines Board of Police and Fire Commissioners (Board) sustaining two of the charges brought against plaintiff, one of its policemen. The issue presented is whether their affirmance is against the manifest weight of the evidence.

The relevant testimony is virtually uncontradicted. It appears that the situation giving rise to this case began on June 4, 1976, when Jerry Liggett, a Des Plaines policeman, affixed police tow stickers to four ostensibly abandoned automobiles in the parking lot of the "Deville Annex." The tow sticker notifies the owner that unless the vehicle is removed by a specified date, it will be towed and impounded or disposed of by the city.

During the week following June 4, plaintiff, then a Des Plaines police patrolman who also operated a salvage business, stopped by the Deville Annex and spoke to Richard Deithloff, a wrecking contractor, who had recently begun the demolition of one of the buildings at that site. At this time, three of the four abandoned vehicles remained on the premises—a brown 1967 Ford; a 1968 Ford station wagon; and a black and turquoise 1968 Oldsmobile. Plaintiff asked Deithloff what was going to happen to these three automobiles, and Deithloff responded that he had a contract with the owner of the premises which gave him the authority to dispose of all salvageable iron and steel. Plaintiff then asked whether he could remove the vehicles and Deithloff, aware that plaintiff was interested in the vehicles for his personal salvage business and not in connection with any police matter, consented to their removal. Later, plaintiff arrived with a flatbed truck and removed the three vehicles.

Deithloff, called as a witness by the city at the Board hearing, testified that the windshield of the brown 1967 Ford was shattered but on it he

saw "an outline of where there used to be something stamped on the windshield" and "the upper lefthand corner of a red sticker." Plaintiff himself also testified on cross-examination that he noticed a police tow sticker attached to the smashed windshield of "one of the Fords."

On June 11, after plaintiff had removed the three automobiles, Officer Bastian of the Des Plaines Police Department was directed to go to the Deville Annex to determine whether the automobiles ticketed by Officer Liggett were still in the parking lot. After he found that the vehicles were missing, the police department conducted an investigation and, in the course thereof, Sergeant Sturlini found plaintiff's flatbed truck parked in another area of the city carrying the 1968 Ford station wagon.

Sturlini testified that he did not notice a tow sticker on the 1968 Ford station wagon but that " a gummed portion was visible; some type of material on the windshield, approximately by the driver's side of the vehicle." Clark testified that a portion of a tow sticker was lying on the floor of the station wagon. The remains of the sticker, which was introduced into evidence, clearly indicated that it was issued on June 4, 1976, by a policeman whose name began with the letters "Lig."

A complaint was brought against plaintiff before the Board, alleging that plaintiff improperly removed the stickered vehicles for his own use without the authority of the owners or police and that such misconduct constituted cause for discharge. After a hearing, the Board agreed and found that plaintiff was guilty of (1) unbecoming conduct, in violation Rule 310.02 of the Des Plaines Police Department, in that he acted in a manner strongly indicative of the commission of a theft; (2) unbecoming conduct, in violation of Rule 310.02, in that he acted in a manner strongly indicative of a commission of an obstruction of justice; and (3) failure to obey laws and ordinances, in violation of Rule 310.04 of the Des Plaines Police Department, in that he failed to observe sections 4—201 and 4—202 of the Illinois Vehicle Code (Ill. Rev. Stat. 1977, ch. 95½, pars. 4—201, 4—202) as well as sections 10—14—2 and 10—14—3 of the Des Plaines City Code (Des Plaines, Ill., Ordinance M—13—70, §§10—14—2, 10—14—3 (July 21, 1970)). The Commission accordingly ordered plaintiff discharged.

Plaintiff then brought this action for administrative review, and the trial court after a hearing entered an order stating that the charge of conduct indicative of an obstruction of justice was not supported by the manifest weight of the evidence, but that the charge of unbecoming conduct strongly indicative of a theft and the charge of failure to obey laws and ordinances were so supported. The trial court then remanded the matter to the Board for reconsideration of the penalty and provided that, upon such decision by the Commission, the order would become final and appealable. On remand, the Board sustained plaintiff's

discharge. Plaintiff subsequently filed a post-hearing motion and petition for reconsideration in the trial court, which was denied.

OPINION

I.

Plaintiff initially contends that the charge of unbecoming conduct strongly indicative of the commission of a theft, in violation of Rule 310.02 of the Des Plaines Police Department, is not supported by the manifest weight of the evidence. In particular, he argues that Deithloff's statement that he was given the salvage rights to the automobiles in his demolition contract indicated to him that Deithloff was in fact the owner of the vehicles and that since he had Deithloff's permission to remove them, he could not have committed a theft. We do not believe, however, that the evidence shows that plaintiff properly secured the permission of the owners before removing the vehicles. Section 3—112 of the Illinois Vehicle Code (Ill. Rev. Stat. 1977, ch. 95½, par. 3—112) provides, with certain exceptions not relevant here, that transfer of ownership is not effective except by means of a certificate of title. In addition, section 3—117(b) of the Code provides that:

> "Any owner who sells or in any manner disposes of any vehicle as wreckage or salvage shall before disposing of such vehicle surrender his Certificate of Title along with proper application and fee to the Secretary of State and a Salvage Certificate shall be issued." (Ill. Rev. Stat. 1977, ch. 95½, par. 3—117(b).)

In the case at bar, there was absolutely no testimony that plaintiff or Deithloff were concerned with securing a salvage certificate. As a police officer, plaintiff should have known that under the circumstances here, Deithloff could not properly have held or transferred title to these vehicles without a certificate. We think the record clearly indicates that plaintiff removed these vehicles for his own use without determining the identity of the owners and without securing their permission. Such conduct is, we believe, indicative of the commission of a theft.

■■ Plaintiff also asserts that the evidence was insufficient on that charge because defendant did not establish ownership of the vehicles. He relies on *People v. Cowan* (1977), 49 Ill. App. 3d 367, 364 N.E.2d 362, wherein the court stated that "[p]roof that one other than the accused either owns or has a superior possessory interest in the property allegedly stolen is an essential element of the offense of theft." (49 Ill. App. 3d 367, 368, 364 N.E.2d 362, 363.) This is a criminal case, however, which is not controlling here, where plaintiff is not charged with the criminal offense of theft but, rather, with *unbecoming conduct* strongly *indicative* of the commission of a theft. Considerably less needs to be proven in order to establish such conduct in an administrative proceeding as opposed to the

offense of theft in a criminal case, as appears in *Hruby v. Board of Fire & Police Commissioners* (1974), 22 Ill. App. 3d 445, 318 N.E.2d 132, wherein this court upheld the discharge of a police officer for unbecoming conduct strongly indicative of the commission of a theft even though the policeman had been acquitted in a prior criminal prosecution for the theft. Thus, we hold that the city's failure to establish ownership of the vehicles does not require a reversal here.

■■ We conclude that the finding of unbecoming conduct strongly indicative of the commission of a theft is not against the manifest weight of the evidence. *Kerr v. Police Board* (1974), 59 Ill. 2d 140, 141-42, 319 N.E.2d 478, 479; *Kreiser v. Police Board* (1976), 40 Ill. App. 3d 436, 440-41, 352 N.E.2d 389, 393, *aff'd* (1977), 69 Ill. 2d 27, 370 N.E.2d 511; *Chambliss v. Board of Fire & Police Commissioners* (1974), 20 Ill. App. 3d 24, 26, 312 N.E.2d 842, 843.

## II.

Plaintiff also asserts the finding that he failed to observe and obey laws and ordinances as required by Rule 310.34 of the Des Plaines Police Department is against the manifest weight of the evidence. Section 10—14—2 of the Des Plaines City Code, enacted under the authority of section 4—201 of the Illinois Vehicle Code (Ill. Rev. Stat. 1977, ch. 95½, par. 4—201), provides:

"ABANDONMENT UNLAWFUL: The abandonment of a motor vehicle or other vehicle or any part thereof on any highway in this Municipality is unlawful and subject to penalties as set forth herein. The abandonment of a motor vehicle or other vehicle or any part thereof on private or public property, other than a highway, in view of the general public, anywhere in this Municipality is unlawful except on property of the owner or bailee of such abandoned vehicle. A motor vehicle or other vehicle or any part thereof so abandoned on private property may be authorized for removal by or upon the order of the Chief of Police Department of the Municipality, after a waiting period of seven (7) days or more has expired." (Des Plaines, Ill., Ordinance M—13—70, §10—14—2 (July 21, 1970).)

The purpose of the tow sticker, then, is to notify the owner that the vehicle is illegally abandoned and that, if it is not removed before the expiration of the waiting period, it will be removed by the city. Thus, when a police officer observes a tow sticker affixed to an automobile, he is aware that the vehicle is scheduled to be towed by the city unless the owner removes it before the specified date. This is particularly so here, where plaintiff was aware of the unlawful abandonment ordinance and

had himself similarly affixed stickers to abandoned automobiles in the past.

It is clear that plaintiff was aware that at least one of the automobiles was to be towed on June 4, 1976, unless the owner removed it sooner. Deithloff testified that "the upper left-hand corner of a red sticker" appeared on the shattered windshield of the brown 1967 Ford that plaintiff hauled away. Clark testified that a portion of a tow sticker was lying on the floor of the 1968 Ford station wagon and, significantly, plaintiff himself admitted seeing a tow sticker on "one of the Fords." In addition, the portion of the tow sticker admitted into evidence showed that the station wagon was scheduled to be towed on June 4. Plaintiff, having noticed a sticker, should properly have followed police procedure and allowed the automobiles to remain until the owner removed them or until the city towed them. Clearly, the evidence shows that plaintiff failed to obey ordinances and police procedures.

Plaintiff argues, however, that even if a tow sticker has been placed on a vehicle, the owner still has the right to move the car; that Deithloff in this case was the "owner" of the cars; and that he authorized plaintiff to remove them. We realize that when a car has been stickered the owner has the right—indeed, the obligation—to remove the vehicle. However, as we discussed above, the record fails to establish that Deithloff was the owner and plaintiff, as a police officer familiar with the laws controlling transfer of title, could not have reasonably believed that Deithloff owned the abandoned vehicles.

Plaintiff further asserts that since the vehicles in question were not "in view of the general public," they were not illegally abandoned under section 10—14—2 of the Des Plaines City Code and therefore should not have been ticketed at the outset. Although there was substantial and apparently uncontradicted testimony that these vehicles could not be seen from the street and thus were not in the view of the general public, the crucial question here concerns the conduct of a police officer when he sees a car with a tow sticker. The fact that the sticker may have been improperly issued is simply not relevant to the charge.

■■ Accordingly, we hold that the charge that plaintiff failed to obey all ordinances, rules, and regulations of the police department is sustained by the manifest weight of the evidence. *Kerr v. Police Board; Kreiser v. Police Board; Chambliss v. Board of Fire & Police Commissioners.*

For the reasons stated above, the order of the trial court sustaining the two charges against plaintiff is affirmed.

Affirmed.

LORENZ and WILSON, JJ., concur.