THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT DEAN MICK, Defendant-Appellant.

Fifth District   No. 79-302

Opinion filed August 1, 1980.

John H. Reid and Gary D. Duncan, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

James E. Dull, State's Attorney, of Mt. Vernon (Martin N. Ashley and Gaye A. Bergschneider, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE KASSERMAN delivered the opinion of the court:

Defendant was charged by information with theft of an automobile having a value in excess of $150, in violation of section 16—1(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 16—1(a)). Following a jury trial, defendant was convicted as charged and sentenced to five years imprisonment. He appeals, contending that (1) the trial court improperly granted the State leave to amend the information during its case in chief to conform to the proof that the owner of the automobile alleged to have been stolen was an individual rather than a corporation, as alleged; and (2) his sentence was excessive.

The facts are largely undisputed. The incident in question occurred in the late evening of December 31, 1978, and the early morning of January 1, 1979. That evening defendant, his brother Larry, and David Artis, who testified for the State, drove around the Mt. Vernon area drinking beer in defendant's brown Plymouth Duster. Between 1:30 and 2, they drove to Family Car & Truck Sales at the corner of Tenth and

Vaught Streets. There, Larry Mick produced the ignition key to a 1973 Malibu. Artis unlocked the Malibu, started it, and drove it from the lot. Larry Mick was a passenger in the Malibu while defendant remained in the Duster.

They drove around Mt. Vernon together, stopping once so the defendant could put gasoline in the tank of the Malibu from a can defendant carried in the trunk of the Duster. The two cars drove east out of Mt. Vernon on Illinois Route 15, and defendant, in his car, was in the lead. When defendant neared the intersection of Route 15 and the Bluford road, he indicated a right turn. Artis, in the Malibu, attempted to pass the Duster; however the Duster turned left, not right, and the two cars collided. When the cars stopped, all three men got out. They started the stalled Duster and drove toward Bluford, but a flat tire forced them to stop.

Trooper David Turner testified that when he arrived, he found the Malibu, with its right side damaged, and the Duster both unoccupied. A passing motorist who had given the three men a ride dropped them off at the Duster soon afterward.

The original information in this cause alleged that the Malibu was the property of "Family Car & Truck Sales, Inc." At trial, however, Mr. Arch Tenhaeff testified for the State that he was the owner of Family Car & Truck Sales, and that its proper name did not include "Inc." According to Mr. Tenhaeff, the Malibu was titled in the name of Family Car & Truck Sales.

After Mr. Tenhaeff testified to the above facts, and before the State completed its case in chief, the State's Attorney moved to amend the information to conform to the proof by alleging "Family Car & Truck Sales, a sole proprietorship owned by Arch Tenhaeff" to be the owner of the Malibu. The motion was allowed over objection and an amended information was filed.

Defendant did not testify, and he called no witnesses in his own behalf.

Defendant argues on appeal that the proof adduced as to the ownership of the Malibu revealed a substantive defect in the information which could not be corrected under section 111—5 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 111—5). That section provides that an indictment, information, or complaint "shall not be dismissed and may be amended on motion by the State's Attorney or defendant at any time because of formal defects * * *."

Before the merits of the issue are considered, it is necessary to address the State's contention that this issue has been waived by defendant because of his failure to file a post-trial motion. Relying on *People v. Billingsley* (1966), 67 Ill. App. 2d 292, 213 N.E.2d 765,

defendant contends that the error committed by the trial court cannot be waived. In *Billingsley,* the information was defective because it failed to allege the intent requisite to establish the offense charged.

■■ Failure to raise an issue in a post-trial motion results in the waiver of the issue unless it constitutes plain error. (*People v. Meeks* (1978), 59 Ill. App. 3d 521, 375 N.E.2d 1001.) However, the court in *People v. Pujoue* (1975), 61 Ill. 2d 335, 335 N.E.2d 437, permitted a complaint to be attacked for the first time on appeal; therefore, we conclude that defendant did not waive the issue by failing to file a post-trial motion.

It is conceded that the allegation in the original information that the Malibu's owner was "Family Car & Truck Sales, Inc." was incorrect. The position taken by each of the parties requires that we determine whether or not the error was a formal defect which may be amended any time under section 111—5 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 111—5). The State does not contend that the error falls within one of the categories listed in section 111—5 but urges that list is not intended to be exclusive. We agree. The Illinois Supreme Court expressly so held in *People v. Jones* (1973), 53 Ill. 2d 460, 292 N.E.2d 361.

Defendant concedes that certain amendments to the allegation of ownership in an information are permissible; however, he maintains that where the proof disclosed an owner other than the one alleged in the information, the trial court was required to enter judgment for defendant rather than permit the State's amendment.

Unless an information sets forth the elements of the offense charged, the court may order its dismissal. (Ill. Rev. Stat. 1977, ch. 38, pars. 111—3(a), 114—1(a)(8).) Further, proof that someone other than defendant owns the allegedly stolen property is an essential element of the offense of theft. *People v. Cowan* (1977), 49 Ill. App. 3d 367, 364 N.E.2d 362.

The wording of section 111—5 thus permits an amendment to the name of the alleged owner in an information, and such amendment is expressly permitted when the proof discloses any "miswriting, misspelling, or grammatical error." (Ill. Rev. Stat. 1977, ch. 38, par. 111—5(a).) Further, since section 111—5 provides that such amendment may be made at any time, we conclude that it may be made during trial.

The question of whether the variance between the indictment or information and the proof was material, and thus fatal, has been the subject of numerous opinions; and courts of review have permitted defendants to first raise the question of fatal variance between the charge and the proof on appeal when it has not been raised at trial. In the following cases, such variance has been held not to be material, therefore not to be grounds for reversal: *People v. Cassman* (1975), 32 Ill. App. 3d 456, 336 N.E.2d 85 (where the owner was alleged to be "Eagle Foods, a corporation" and the owner proved at trial was "Eagle Discount

Supermarkets, Mid-West Region, Lucky Stores, Inc"); *People v. Harden* (1969), 42 Ill. 2d 301, 247 N.E.2d 404 (alleged owner: Gordon Brantley. Owner established to be a partnership of Brantley and his wife); and *People v. Nesbitt* (1961), 21 Ill. 2d 487, 173 N.E.2d 447 (alleged owner: Christine "Cury." Owner proved Christine "Oury").

Our supreme court in *People v. Harden* stated:

> "The primary purposes of the requirement that ownership be alleged are to enable the accused to prepare for trial and to plead an acquittal or conviction in bar of a subsequent prosecution for the same offense. [Citations.]" (42 Ill. 2d 301, 305, 247 N.E.2d 404, 406.)

The court concluded in *Harden* that although title was in a partnership, an allegation that a ring was the sole property of one of the partners sufficiently identified the property to enable defendant to prepare her defense and to plead double jeopardy.

The rationale of *People v. Bristow* (1972), 8 Ill. App. 3d 805, 291 N.E.2d 189, was adopted by the court in *People v. Cassman* in which the court stated that Bristow was particularly applicable because the court there considered a variance between the allegations of ownership in the charge and the proof. It was there stated: "* * * The court in *Bristow* said at 809, 291 N.E.2d at 192:

> 'Neither defendants nor the jury was misled by proof that as to the house, possessory interests of the fraternity was in a corporation of a name different from the one alleged in the indictment. There is no showing that this proof subjected defendants to substantial injury or hindered them in the presentation of their case. It appears that the building in question did not belong to any of the defendants. It is certain that if a second prosecution were brought for the same offense, defendants can refer to the record of these proceedings to establish prior jeopardy.'" *People v. Cassman* (1975), 32 Ill. App. 3d 456, 458, 336 N.E.2d 85, 87.

Additionally, the decision in *People v. Pujoue* (1975), 61 Ill. 2d 335, 335 N.E.2d 437, established a more relaxed standard where the sufficiency of the information is first challenged on appeal. Our Supreme Court there stated:

> "When attacked for the first time on appeal a complaint is sufficient if it apprised the accused of the precise offense charged with sufficient specificity to prepare his defense and allow pleading a resulting conviction as a bar to future prosecution arising out of the same conduct. [Citations.]" (61 Ill. 2d 335, 339, 335 N.E.2d 437, 440.)

*Cf. People v. Johnson* (1979), 69 Ill. App. 3d 248, 387 N.E.2d 388.

■■ Although these decisions are not authority for the proposition that a criminal charge may be amended during trial to conform the allegations of the charge to the proof, in our judgment they are dispositive of defendant's appeal. If a variance between the allegations of a complaint, information, or indictment appears during trial, an amendment to the charge should be permitted to conform the allegations of the charge to the proof if it may be done without interfering with defendant's ability to prepare for trial and to plead an acquittal or conviction as a bar to a subsequent prosecution for the same offense.

Regarding the effect of the instant amendment upon defendant's ability to prepare his defense, we are persuaded that it had no significance. Defendant did not contend at trial nor does he argue here that the designated Malibu was not, in fact, stolen. Defendant's theory of the case below, as argued to the jury, was that the evidence indicated that he had never entered the Malibu nor done any act sufficient to render him accountable for the acts of Artis and Larry Mick. The identity of the Malibu's owner had no bearing upon that defense. Significant is the testimony elicited by defendant's trial counsel at the preliminary hearing in this cause, held some three months prior to trial, that the theft was reported by Arch Tenhaeff, who is the owner of the Family Car & Truck Sales. In light of that testimony, the proof that Mr. Tenhaeff owned Family Car & Truck Sales could not have surprised defense counsel at trial nor could it have hindered him in preparing his defense.

We also find defendant to be amply protected from subsequent prosecution for the same offense. The record includes the exact address from which it was alleged that the Malibu was stolen, a protective factor recognized in *People v. McAllister* (1975), 31 Ill. App. 3d 825, 334 N.E.2d 885. Further, the Malibu's VIN (1D37H3K506816) appears in both informations and several reports of proceedings. Additional protection from subsequent prosecution for this offense is provided by this factor. *People v. McAllister; People v. Sims* (1975), 29 Ill. App. 3d 815, 331 N.E.2d 178.

Therefore, we conclude that amendment of the instant information at trial was permissible and that the trial court committed no error in permitting such amendment.

■■ Defendant next contends that his counsel's failure to file a post-trial motion amounted to ineffective assistance of counsel. We do not agree. This court stated in *People v. Greenlee* (1976), 44 Ill. App. 3d 536, 358 N.E.2d 649, that incompetence of counsel was not shown by counsel's failure to file a post-trial motion because none of the issues raised on appeal would have affected defendants' convictions. The same is true in the case at bar. We have considered and rejected on appeal the issue

urged by defendant; therefore, the failure to raise that issue in a post-trial motion could not have affected defendant's conviction.

For the above reasons, we affirm defendant's conviction.

Finally, defendant contends that his sentence of five years' imprisonment is excessive and should be reduced.

In *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882, our supreme court held that the imposition of sentence was a matter of judicial discretion and that, absent an abuse of this discretion, the sentence of the trial court may not be altered upon review. Subsequently the legislature amended the Unified Code of Corrections, effective February 1, 1978, by adding section 5—5—4.1 (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—4.1). This amendment was considered by this court in *People v. Choate* (1979), 71 Ill. App. 3d 267, 389 N.E.2d 670, and it was there held that the amendment changed the standard to be employed in reviewing sentences by creating a rebuttable presumption that the sentence was proper. Whether the rationale of *People v. Perruquet* or *People v. Choate* is applied, we are authorized to impose any sentence the trial court could have imposed (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—4.1) upon defendant's establishing that his sentence was erroneous. We apply these standards in addressing defendant's contention that his sentence was excessive.

Defendant urges that he was convicted only because he was found accountable for the acts of David Artis and Larry Mick. Defendant characterizes himself as less culpable than Artis. We find this tenuous at best. Defendant provided transportation to the car lot and away from the wreck. He provided gasoline that permitted the adventure to continue. Defendant had almost reached his 20th birthday on the date of the theft and was the oldest of the threesome. As Larry Mick's older brother, defendant presumably exercised some influence over him. True, it was Larry Mick who had the key and Artis who drove the Malibu. However, we are unable to view defendant as significantly less culpable for this offense than Artis.

Defendant further urges that we consider that Artis pleaded guilty to the same offense and was sentenced to probation for one year and was ordered to pay $350 restitution, a sentence defendant characterizes as grossly and unreasonably disparate from his own. Defendant correctly concedes that mere disparity in sentences, without more, does not warrant reduction of the greater sentence by a reviewing court. (*People v. Spence* (1971), 133 Ill. App. 2d 171, 272 N.E.2d 739.) However, the legislature has specifically addressed sentence disparity as a problem to be remedied. Ill. Rev. Stat. 1979, ch. 38, pars. 1005—5—4.2, 1005—5—4.3; *cf. People v. Cox* (1979), 77 Ill. App. 3d 59, 396 N.E.2d 59.

Defendant's culpability as compared to that of Artis does not reveal that a disparity exists. To the contrary, several factors appear which indicate that a more severe sentence in defendant's case was appropriate. As the trial court noted at sentencing, defendant had previously pleaded guilty to burglary and was still on probation for that offense at the time of the instant theft. Because the burglary was a recent and more serious offense, defendant could have been sentenced to up to ten years imprisonment under the extended term sentencing provisions of sections 5—5—3.2(b)(1) and 5—8—2(a)(5) of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, pars. 1005—5—3.2(b)(1), 1005—8—2(a)(5)), which the trial court also considered but declined to invoke. The trial court further observed that defendant had violated the terms of his probation by failing to report to his probation officer during the second year of his probation for the prior burglary, although the presentence investigation report indicates defendant thought he had been discharged from probation. The instant offense occurred during the second year of that probationary term.

Thus, defendant's prior offense record was a significant aggravating factor in his sentencing. The record is entirely silent as to Artis' record. Therefore, we must assume, as defendant acknowledges, that Artis had no prior convictions and that some disparity between Artis' sentence and defendant's was warranted by the difference in their criminal records. *Cf. People v. Dickens* (1974), 19 Ill. App. 3d 419, 311 N.E.2d 705.

■ We conclude that the trial court properly determined that probation was not a viable alternative here and that some sentence of imprisonment must be imposed.

The more difficult question is whether the length of the sentence imposed, five years, was necessary to effect the purposes underlying the imposition of a sentence of imprisonment. A sentence of imprisonment should be imposed when: (1) such a sentence is necessary for public protection; or (2) the seriousness of the offender's conduct would otherwise be deprecated or the ends of justice would not otherwise be served. (Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—1(a).) We are further mindful of the Illinois constitutional directive that all penalties be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship. Ill. Const. 1970, art. I, §11.

We conclude that the above purposes would be better served if a three-year sentence were imposed here rather than the five-year sentence imposed by the trial court. The public will be protected by defendant's incarceration for a substantial period of time. Further, such penalty for this offense against property will not deprecate the seriousness of

defendant's conduct. Additionally, the three-year sentence will be more consistent with the constitutional objective of restoring defendant to useful citizenship. In view of defendant's youth, his steady employment prior to this offense, and his single, nonviolent prior offense, the prospects for his rehabilitation are good. We are of the opinion that the objective of rehabilitation will be better served if defendant's prospects for release are somewhat brighter than those set by the trial court. A sentence which has the greatest potential of restoring the offender to a useful and productive place in society while at the same time adequately punishing the offender for his misconduct and safeguarding the public from further offenses is the one which should be imposed. *People v. Thomas* (1979), 76 Ill. App. 3d 969, 395 N.E.2d 601.

With respect to the constitutionally dictated goal of rehabilitation, we review the five-year sentence here as erroneous in defendant's case under the standards of both *People v. Perruquet* and *People v. Choate*. Accordingly, the sentence of five years is reduced to a sentence of three years imprisonment.

Finding that oral argument would be of no assistance to the court in reaching its conclusion and that there is no substantial question presented, we have taken the case under advisement without oral argument pursuant to Supreme Court Rule 352(a) (Ill. Rev. Stat. 1979, ch. 110A, par. 352(a)); and we affirm, as modified, the judgment of the Circuit Court of Jefferson County.

Sentence modified; judgment affirmed as modified.

JONES, P. J., and KARNS, J., concur.